Christopher P. Schueller, Esquire
New York Bar No. 2582914
**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, NY  10019
Telephone:  (212) 440-4400
Fax:  (212) 440-4401
E-mail: christopher.schueller@bipc.com
*Attorneys for Plaintiff, McCormick 103, LLC*


UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCCORMICK 103, LLC,<br><br>　　　　　　*Plaintiff*,<br><br>　　　　v.<br><br>GREG BEECHE, LOGISTICS, LLC; GREG LOGISTICS, LLC; GREGORY L. BEECHE; and NEW YORK STATE DEPARTMENT OF TAXATION,<br><br>and<br><br>"JOHN DOE", "JANE DOE", "DOE ASSOCIATES", and "DOE CORP.", the names being fictitious and being intended to refer to any and all adult natural persons and to all partnerships, corporations and other legal entities having, or which may claim to have, any lien against or interest in the Real Property described in the complaint in this action, other than persons or entities already defendants herein,<br><br>　　　　　　*Defendants*. | Civil Action No.   1:25-cv-944 (AMN/TWD) |

**COMPLAINT**

1

Plaintiff McCormick 103, LLC ("**Plaintiff**"), by and through its attorneys, Buchanan Ingersoll & Rooney PC, for its complaint, alleges as follows:

## PARTIES

1. Plaintiff is a Maryland limited liability company with its principal place of business at 11350 McCormick Road, Hunt Valley, Maryland 21031. The sole member of Plaintiff is McCormick Holdings, LLC which is a Maryland limited liability company. The sole member of McCormick Holdings, LLC is Beltway Capital, LLC which is a Maryland limited liability company.

2. Defendant Greg Beeche, Logistics, LLC ("**GBL**") is a New York limited liability company with its principal place of business at 356 Hudson River Road, Waterford, New York 12188.

3. Defendant Greg Logistics, LLC ("**GL**") is a New York limited liability company with its principal place of business at 356 Hudson River Road, Waterford, New York 12188.

4. Defendant Gregory L. Beeche ("**Beeche**", together with GBL and Greg Logistics, "**Defendants**" together with all other Defendants the "**Defendants**") is, upon information and belief, a New York resident with an address of 65 Smith Road, Mechanicville, New York 12118.

5. Defendant New York State Department of Taxation and Finance ("**NY State**") is made a party defendant herein due to any interest it may have in the Real Property (as defined below) by virtue of any unpaid taxes or other charges which may constitute a lien against the Real Property.

6. Defendants "John Doe", "Jane Doe", "Doe Associates" and "Doe Corp." are fictional names intended to include any and all parties having any interest in the Real Property (as defined below) not otherwise identified above.

2

7.      Upon information and belief, the only members of GBL and GL are Beeche and his son Kirk Beeche, each of whom are residents of the State of New York.   Therefore, for diversity purposes, the citizenship of the Defendants and the State of New York is New York.

8.      There are dozens of members in the chain of ownership of Beltway Capital, LLC who are citizens of Maryland, Florida, Pennsylvania, Georgia and Washington D.C.  All these members are investors in the Plaintiff.  The identity of these investors is proprietary to the Plaintiff and there is a compelling business need to keep the identity of these investors secret from competitors of the Plaintiff.  Accordingly, the Plaintiff will not name all of these investors in the complaint but will make an in camera presentation of the names of these investors to the Defendants and the Court. *E.g. Tennenbaum Capital Partners LLC v. Kennedy*, 2009 WL 2913679 (S.D.N.Y. Sept. 11, 2009).

**JURISDICTION AND VENUE**

9.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Complete diversity exists establishing subject matter jurisdiction with this Court in that none of the above-captioned defendants, nor their individual or entity members, where applicable, are citizens in the same state in which the Plaintiff and its individual or entity members is a citizen.

10.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district, the collateral securing the loans that are the subject of this dispute is located in this judicial district, and principal defendants are located in this judicial district.

## BACKGROUND

### The First Loan

11. On or about April 20, 2017, Beeche, individually, duly executed and delivered that certain Mortgage Term Loan Agreement (as amended or modified from time to time, the "**First Loan Agreement**") in the original principal amount of $3,600,000.00 ("**First Loan**") to Bank of America, N.A. ("**Original Lender**"). A true and correct copy of the First Loan Agreement is attached hereto as **Exhibit A**.

12. As further security for repayment of the Loan, Beeche executed and delivered to Original Lender a Mortgage Consolidation, Modification and Extension Agreement, Assignment of Rents, Security Agreement and Fixture Filing and Gap Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated April 20, 2017 (and together with all modifications thereof, the "**First Mortgage**"), secured by a first priority lien on certain real property located at 356 Hudson River Road, Waterford, new York 12188 (the "**Real Property**"). The First Mortgage was recorded in the Office of Saratoga County Clerk (the "**Records**") on May 15, 2017, at Instrument #2017014776 and Instrument #2017014774. A true and correct copy of the First Mortgage is attached hereto as **Exhibit B.**

13. Original Lender perfected its security interest in and to Beeche's fixtures by filing UCC-1 fixture filings in the Records. A true and correct copy of the filed UCC-1 is attached hereto as **Exhibit C.**

### The Second Loan

14. On or about April 20, 2017, Beeche duly executed and delivered that certain Construction Loan Agreement (as amended or modified from time to time, the "**Second Loan**

Agreement") in the original principal amount of $1,150,000.00 ("**Second Loan**") to Original Lender. A true and correct copy of the Second Loan Agreement is attached hereto as **Exhibit D**.

15. As further security for repayment of the Loan, Beeche executed and delivered to Original Lender a Construction Loan Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated April 20, 2017 (together with all modifications thereof, the "**Second Mortgage**"), secured by a second priority lien on the Real Property. The Second Mortgage was recorded in the Records on May 15, 2017, at Instrument #201701477474. A true and correct copy of the Second Mortgage is attached hereto as **Exhibit E**.

16. Original Lender perfected its security interest in and to Beeche's fixtures by filing UCC-1 fixture filings in the Records. A true and correct copy of the filed UCC-1 is attached hereto as **Exhibit F.**

## The Third Loan

17. On or about April 20, 2017, GBL duly executed and delivered that certain Loan Agreement (as amended or modified from time to time, the "**Third Loan Agreement**") for a line of credit in the amount of $4,000,000.00 and a term loan in the original principal amount of $1,350,000.00 ("**Third Loan**") to Original Lender. A true and correct copy of the Third Loan Agreement is attached hereto as **Exhibit G**.

18. The terms and conditions of the Loan are further governed by a Security Agreement (as amended or modified from time to time, "**Security Agreement**"), dated on or about April 13, 2017, executed by GBL, Greg Logistics, and Original Lender. A true and correct copy of the Security Agreement is attached hereto as **Exhibit H**.

19. As further security for repayment of the Loan, Beeche executed and delivered to Original Lender a Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated

on or about July 6, 2021 (together with all modifications thereof, the "**Third Mortgage**", and together with First Mortgage and Second Mortgage, the "**Mortgages**"), secured by a lien on the Real Property and a security interest in the personal property described therein (collectively, the "**Personal Property**", together with the Real Property, the "**Property**"). The Third Mortgage was recorded in the Records on September 6, 2024, at Instrument #202422252. A true and correct copy of the Third Mortgage is attached hereto as **Exhibit I**.

20. Original Lender perfected its security interest in and to fixtures at the Real Property by filing UCC-1 fixture filings in the Records. A true and correct copy of the filed UCC-1 is attached hereto as **Exhibit J.**

### The Fourth Loan

21. On or about November 8, 2017, GBL duly executed and delivered that Amendment to Loan Agreement (as amended or modified from time to time, the "**Amendment to Third Loan Agreement**") to add a $2,5000,000.00 line of credit which converted to a term loan ("**Fourth Loan**") to Original Lender. A true and correct copy of the Amendment to Third Loan is attached hereto as **Exhibit K**.

### Guaranties

22. GL, in connection with and as additional security for the Loan, executed and delivered to Original Lender that certain Continuing and Unconditional Guaranty dated as of April 20, 2017 to personally guaranty all debts of GBL and Beeche to the Original Lender (the "**GL Guaranty**"). A true and correct copy of the GL Guaranty is attached hereto as **Exhibit L**.

23. GBL, in connection with and as additional security for the Loan, executed and delivered to Original Lender that certain Continuing and Unconditional Guaranty dated as of April

20, 2017 to personally guaranty all debts of Beeche to the Original Lender (the "**GBL Guaranty**"). A true and correct copy of the GBL Guaranty is attached hereto as **Exhibit M**.

24. Beeche, in connection with and as additional security for the Loan, executed and delivered to Original Lender that certain Continuing and Unconditional Guaranty dated as of April 20, 2017 to personally guaranty all the Loans to GBL(the "**Beeche Guaranty**", together with the GL Guaranty and GBL Guaranty, the "**Guaranties**"). A true and correct copy of the Beeche Guaranty is attached hereto as **Exhibit N**.

**Assignment by Original Lender to Plaintiff**

25. On or about June 2, 2025, effective as of May 21, 2025, Original Lender assigned all its right, title and interest to and under the foregoing documents to the Plaintiff pursuant to the following:

   a. A Bill of Sale attached as **Exhibit O**;

   b. an Assignment of Mortgage Consolidation, Modification and Extension Agreement, Assignment of Rents, Security Agreement and Fixture Filing, recording in the Records on June 17, 2025, at Instrument 2025015799, a true and correct copy of which is attached hereto as **Exhibit P;**

   c. an Assignment of Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, recorded in the Records on June 17, 2025 at Instrument 2025015802, a true and correct copy of which is attached hereto as **Exhibit Q**;

   d. an Assignment of Leases and Rents, recorded in the Records on June 17, 2025, at Instrument 2025015803, a true and correct copy of which is attached hereto as **Exhibit R**;

    e. an Assignment of Leases and Rents, recorded in the Records on June 17, 2025 at Instrument 2025015801, a true and correct copy of which is attached hereto as **Exhibit S**; and

    f. an Assignment of Construction Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, recorded in the Records on June 17, 2025, at Instrument 2025015800, a true and correct copy of which is attached hereto as **Exhibit T**.

    g. Copies of UCC-3 assignments are attached as **Exhibit U**.

26. Plaintiff's interest in the Property remains perfected.

27. The foregoing documents, as they relate to the First Loan Agreement, First Loan, First Mortgage, Second Loan Agreement, Second Loan, Second Mortgage, Third Loan Agreement, Third Loan, Security Agreement, Third Mortgage, Amendment to Third Loan Agreement, Fourth Loan, and the Guaranties, as the same have been modified or amended from time to time, shall be referred to, collectively, as the "**Loan Documents**."

28. Plaintiff is the owner and holder of the Loan Documents.

29. Plaintiff's interest in the Personal Property and fixtures remains perfected.

30. Plaintiff is in possession of the original First Loan Agreement, Second Loan Agreement, Third Loan Agreement, and Amendment to Third Loan Agreement.

31. All mortgage taxes owing in connection with the Mortgage have been duly paid.

### The Defaults

32. Events of Default have occurred and are continuing under the Loan Documents.

33. Borrower is in default under the terms and conditions of the Loan Documents as a result of, among other things, (a) Defendants' failure to pay all amounts due under the Third and

Fourth Loans by the maturity date of September 30, 2023 under Section 9.1 of the Third Loan Agreement and the Fourth Loan Agreement ("**Maturity Defaults**"); (b) GBL's failure to comply with Section 7.5 Basic Fix Charge Coverage Ratio for the periods ending on March 31, 2023 and June 40, 2023 under the Third Loan Agreement ("**Covenant Default**"); (c) the Maturity Defaults and Covenant Default constitute an event of default under the Section 8.4 of the First Loan Agreement and an event of default under Section 10.1(d) of the Second Loan Agreement; (d) Beeche's failure to pay taxes on the Real Property for tax years 2023, 2024, and 2025 as required under Sections 8.3 and 8.4 of the First Loan Agreement, Sections 10.1(c) and (d) under the Second Loan Agreement, and Section 9.4 of the Third Loan Agreement; and (e) Beeche's failure to make any of the debt service payments as of July 2025 under the First Loan and Second Loan.

34. More specifically, Defendants have not made any payments on the Third and Fourth Loans since October of 2023. Defendants have failed to make any payments on the First and Second Loan since June of 2025.

35. As July 14, 2025, the balances due under the Loans are the following:

- **First Loan**: Principal of $2,583,614.96 and interest of $69,050.18.
- **Second Loan**: Principal of $785,833.08 and interest of $19,654.21.
- **Third Loan**: Principal of $6,550,000 and interest of $1,037,535.51.
- **Fourth Loan**: Principal of $323,989.98 and interest of $62,020.15.

36. By letters dated May 17, 2024, May 5, 2025, and May 25, 2025 ("**Notices of Default**"), Plaintiff notified Defendants of the defaults, accelerated the Loan, and demanded payment in full of the Loan. True and correct copies of the Notice of Defaults are attached collectively hereto as **Exhibit V**.

37. As of the date hereof, Defendants' defaults are continuing.

38. As of the date hereof, the Loan has been accelerated, and the entire balance of the Loan is due and owing and has not been paid.

39. All conditions precedent to Plaintiff bringing this lawsuit have occurred, have been performed, or have been waived.

40. Plaintiff is entitled to all amounts due and owing under the Loan Documents, including, but not limited to, the payment of its attorneys' fees and other expenses for commencing and prosecuting this action.

41. Plaintiff may have previously expended funds and may hereafter expend funds for the purpose of paying real property taxes or insurance premiums, for the purpose of enforcing its interests pursuant to the Loan Documents, or for otherwise protecting or benefiting the Real Property in order to protect its lien under the Mortgages. Under the terms of the Mortgages, any such expenditures or payments may be added to the indebtedness, and Plaintiff will request that the amounts of such payments, with interest thereon, be adjudicated as part of the judgment of foreclosure and sale sought herein.

42. Upon information and belief, none of the defendants is a minor or incompetent.

43. No action is pending for the recovery of the indebtedness. No judgment has heretofore been entered in favor of Plaintiff and against any defendants for the indebtedness.

44. If a deficiency is incurred upon the disposition of the Real Property referred to herein, the same should be adjudicated against the Defendants, and a judgment in the amount of the deficiency should be entered in Plaintiff's favor.

**FIRST CAUSE OF ACTION AGAINST BEECHE AND NY STATE**
**(Foreclosure of the Mortgages)**

45. Plaintiff repeats and realleges all prior allegations.

46. Beeche is in default under the Loan Documents, including the Mortgages. The indebtedness has been accelerated and/or amounts due under the Loan Documents have been demanded and are due and owing. Accordingly, Plaintiff is entitled to proceed with a foreclosure of the Real Property under the Mortgages.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Breach of Contract – Deficiency Judgment)

47. Plaintiff repeats and realleges all prior allegations.

48. As set forth above, Beeche breached his obligations under Loan Documents including, without limitation, the Mortgages.

49. Pursuant to the Loan Documents, Beeche should be adjudged liable to Plaintiff for any deficiency that may be due to Plaintiff after the Real Property has been sold as described herein, and the proceeds thereof to which Plaintiff is entitled have been paid to Plaintiff.

50. Similarly, GBL and GL should be adjudged liable to Plaintiff under their personal guaranties for any deficiency that may be due to Plaintiff after the Real Property has been sold as described herein, and the proceeds thereof to which Plaintiff is entitled have been paid to Plaintiff.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### (Breach of Contract – Money Judgment)

51. Plaintiff repeats and realleges all prior allegations.

52. GBL is in default under all the Loan Documents pertaining to the Third and Fourth Loans.

53. The following amounts are due and owing under the Third and Fourth Loans as of May 2, 2025:

- **Third Loan**: Principal of $6,550,000 and interest of $879,660.70.
- **Fourth Loan**: Principal of $323,989.98 and interest of $47,039.15.

54. In addition, attorneys' fees, interest and other charges have accrued and continue to accrue under the Third and Fourth Loan Documents.

55. Plaintiff is entitled to a judgment against all GBL for all amounts due and owing under the Third and Fourth Loans.

56. Plaintiffs is also entitled to a judgment against Beeche and GL under their personal guaranties for all amounts due and owing under the Third and Fourth Loans.

**FOURTH CAUSE OF ACTION AGAINST GBL AND GL**
**(Replevin)**

57. Plaintiff repeats and realleges all prior allegations.

58. Plaintiff has a perfected security interest in the Personal Property.

59. Pursuant to the Loan Documents and the New York Uniform Commercial Code and by virtue of the Common Law of the State of New York, Plaintiff is entitled to possession of the Personal Property and to proceed with a sale of that Personal Property pursuant to Article 9 of the New York Uniform Commercial Code.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered as follows:

A. Upon the First Cause of Action against Beeche:

(a) that the Defendants and all persons whose lien or interest in the Real Property and any Personal Property related thereto first came into existence subsequent to the filing of the Notice of Pendency being filed simultaneously with the filing of this Complaint, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption in and to the Real Property and such Personal Property; and

(b) that all amounts due to Plaintiff herein under the First and Second Mortgages (including attorneys' fees and advancements to benefit the Property) as it relates to the Real Property be adjudged and determined; and

(c) that the Real Property and any Personal Property related thereto be decreed to be sold according to law; and

(d) that the Real Property and the contents therein, secured by the First and Second Mortgage and perfected by the fixture filing and UCC filings described above, be sold subject to the following: any state of facts a personal inspection would reveal; the state of facts that a new and accurate survey thereof would show; rights, if any, of tenants or occupants not extinguished by this action; easements, covenants, restrictions and matters of record, if any, recorded prior to the Mortgages; vault taxes, zoning regulations and department orders and violations, if any; chattel mortgages, conditional bills of sale, security agreements and UCC filings, filed or recorded prior to the recording of the First and Second Mortgage and UCC filings; any right of redemption of the United States of America and/or its agencies; any violations in any federal, state, village or municipal department; and unpaid taxes, assessments and water charges, if any; and

(e) that the moneys arising from such sale be brought into this Court; and

(f) that Plaintiff be paid from the proceeds of such sale the amounts adjudged to be due to Plaintiff, with interest to the time of such payment, together with the costs, allowances and expenses of this action, expenses of the sale, any moneys advanced and paid pursuant to any provision of the First and Second Mortgage or to protect the lien of the First and Second Mortgage, and all other charges to be paid in connection with the Real Property, with interest on those amounts from the date of the respective payments, so far as the amount of such moneys properly applicable thereto will pay the same; and

(g) that if the proceeds of such sale be insufficient to pay the amounts described in the preceding subparagraph, the officer making the sale be required by the judgment of foreclosure and sale herein to specify the amount of such deficiency in his report of sale, so that application may be made by Plaintiff to this Court under Real Property Actions and Proceedings Law Section 1371 for a deficiency judgment against Beeche; and

(h) pursuant to New York Uniform Commercial Code §§9-601, 9-604, 9-607, 9-610 and any other relevant authority, an order compelling Beeche to surrender possession of the Personal Property to Plaintiff for the purpose of a judicial sale in conjunction with the foreclosure sale of the Real Property, or, alternatively, for a separate public sale pursuant to Article 9 of the New York Uniform Commercial Code; and

(i) that Defendants be enjoined from collecting any rents that may be due on the Real Property; and

(j) that Plaintiff shall have such other and further relief as the Court may deem just and proper.

B. Upon the Second Cause of Action against Defendants:

(a) a money judgment against Defendants for any deficiency that may be due to Plaintiff after the Real Property has been sold as described herein, and the proceeds thereof to which Plaintiff is entitled to have been paid.

C. Upon the Third Cause of Action against all Defendants

(a) a money judgment against Defendants for all amounts due and owing under the Third and Fourth Loans.

D. Upon the Fourth Cause of Action against GBL and GL:

(a) pursuant to New York Uniform Commercial Code §§9-601, 9-604, 9-607, 9-610 and any other relevant authority, an order compelling GBL and GL to surrender possession of the Personal Property to Plaintiff for the purpose of a judicial sale in conjunction with the foreclosure sale of the Property, or, alternatively, for a separate public sale pursuant to Article 9 of the New York Uniform Commercial Code.

E. Upon all Causes of Action:

(a) the appointment of a receiver over the Real Property, Personal Property, GBL and Greg Logistics; and

(b) for other and further appropriate relief including without limitation an award for legal fees and costs.

Dated:  July 17, 2025                            **BUCHANAN INGERSOLL & ROONEY PC**

                                                 By:    /s/ Christopher P. Schueller
                                                        Christopher P. Schueller
                                                        N.Y. Bar No. 2582914
                                                        640 5th Avenue, 9th Floor
                                                        New York, NY  10019
                                                        Telephone:  (212) 440-4400
                                                        Fax:  (212) 440-4401
                                                        E-mail: christopher.schueller@bipc.com
                                                        *Attorneys for Plaintiff*