UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MCCORMICK 103, LLC,

                Plaintiff,

v.                                           1:25-cv-00944 (AMN/TWD)

GREG BEECHE, LOGISTICS, LLC & GREG
LOGISTICS, LLC,

                Defendants.

_____

**<u>MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LIMITED INTERVENTION OF GREGORY L. BEECHE</u>**

      Pursuant to Federal Rule of Civil Procedure 24, Gregory L. Beeche ("Beeche"), majority owner and creditor of the defendant entities, respectfully moves for limited intervention in this action. Beeche does not seek to assume full control of the defense or expand the litigation. Instead, his request is narrowly tailored to protect his ownership and creditor rights, which form part of his pending Chapter 13 bankruptcy estate, to defend against allegations of fraud made against him personally, and to seek relief from the receivership order that directly impairs those interests.

**<u>INTRODUCTION</u>**

      This motion presents a straightforward issue of fairness and protection of legally recognized rights. Gregory L. Beeche ("Beeche") is the founder, majority owner, and creditor of Greg Beeche Logistics, LLC ("GBL") and Greg Logistics, LLC ("GL"), the very entities placed into receivership by this Court's August 8, 2025 Order. Beeche also holds related creditor claims

for unpaid compensation and personal loans to the companies which, together with his equity stake, form part of his pending Chapter 13 bankruptcy estate.

Despite these substantial ownership and creditor interests, Beeche was dismissed as a defendant shortly before the receivership order was entered. He now faces the prospect that his rights as majority owner, his creditor claims, and even the feasibility of his Chapter 13 repayment plan will be determined in a proceeding in which he has no voice and no adequate representation. Plaintiff is adverse to him, and the receiver, as an officer of the Court, is neutral by design. Neither can or will defend his ownership rights, protect his creditor position, or respond to the reputational harm caused by repeated allegations of fraud directed personally at him.

Rule 24 exists precisely for situations like this. Courts in this Circuit have long recognized that when a person's direct financial, property, or reputational interests are at stake, and no existing party will adequately protect those interests, intervention must be permitted. Beeche does not seek to broaden this litigation or assume control of the LLCs' defense. His request is narrowly tailored: to file an Answer, to participate in matters directly affecting his equity and creditor rights, to defend against allegations of fraud, and to seek relief from or modification of the receivership order.

Because Beeche's motion is timely, his interests are direct and protectable, those interests will be impaired absent intervention, and no party adequately represents him, the standards of Rule 24(a)(2) are satisfied. Even if the Court were to conclude otherwise, permissive intervention under Rule 24(b) is appropriate given the overlap of issues and the absence of prejudice to existing parties. Limited intervention is both legally warranted and practically necessary to ensure Beeche's rights are protected in this proceeding.

**SCOPE OF LIMITED INTERVENTION**

Beeche seeks to intervene in this action on a limited basis, confined to protecting his direct ownership, creditor, and reputational interests. Specifically, he requests leave to:

1. File an Answer to the complaint to defend his rights and interests directly implicated by the receivership;

2. File motions as necessary, including a motion to vacate, terminate, or modify the receivership order;

3. Participate in proceedings that directly affect the value of his ownership stake in GBL and GL, his creditor claims against the LLCs, and his Chapter 13 bankruptcy estate; and

4. Rebut the allegations of fraud made against him personally in Plaintiff's filings.

This intervention is narrowly tailored. Beeche does not seek to assume control of the LLCs' defense, but only to ensure that his legally protectable interests – ownership, creditor rights, bankruptcy estate, and reputation – are represented where no existing party can or will do so.

**BACKGROUND AND PROCEDURAL HISTORY**

Greg Beeche Logistics, LLC ("GBL") was founded in 2001 by Gregory L. Beeche ("Beeche"), who has over thirty years of experience in developing innovative work-access technologies. During that time, Beeche revolutionized façade construction with his patented ADT Work Access Systems—a modular, high-performance platform solution designed to enhance job site safety and productivity. Over time, Beeche and his team members have successfully implemented complex access logistics systems for a prestigious global client list that includes the Burj al Arab in Dubai, the United Nations Secretariat Building, One World Trade Center, and the Goldman Sachs Tower, among others. As a recognized Minority-Owned Business Enterprise

(MBE) and a member of the Scaffold & Access Industry Association (SAIA), GBL is widely respected for its ingenuity, precision, and engineering excellence. (Beeche Decl. ¶3).

GBL remains a significant and viable enterprise, providing comprehensive work-access services ranging from logistics planning and field training to professional engineering and master rigger support. The company operates with a robust fleet of proprietary ADT modules, hoists, work platforms, and electronic controls. To date, GBL has completed over 600 high-profile projects across the U.S., including in New York City, Las Vegas, Philadelphia, Cleveland, and internationally in London and Dubai. (Beeche Decl. ¶¶ 4-5)

The company continues to generate considerable backlog, with multi-million-dollar contracts in progress, and retains vital intellectual property and equipment assets. This operational strength and enduring trust from clients affirm that GBL is not a failing enterprise; rather, it is a robust, structured, and forward-moving business whose majority owner's equity must be protected. (Beeche Decl. ¶5)

Beeche is the founder and majority owner of both Greg Beeche Logistics, LLC ("GBL") and Greg Logistics, LLC ("GL"), holding an eighty percent (80%) ownership stake in each. In addition to his ownership interests, Beeche personally owns the real property where the LLCs operate and holds the patents and intellectual property essential to their operations. (Beeche Decl. ¶¶2, 6)

On July 31, 2025, before the receivership hearing took place, Beeche filed a Chapter 13 petition in the United States Bankruptcy Court for the Northern District of New York (#25-10879). (Beeche Decl. ¶9). By operation of law, his 80% membership interests in GBL and GL immediately became property of the bankruptcy estate under 11 U.S.C. § 541, and the automatic stay of 11 U.S.C. § 362 went into effect. Despite knowledge of this filing and the statutory stay,

Plaintiff pressed forward with its request for a receiver, and on August 8, 2025, the Court granted that application.

In addition to being the majority owner, Beeche is also a creditor of the LLCs. He is owed $1.1 million in unpaid compensation for his work and $700,000.00 in personal loans he advanced to support the companies' operations (Beeche Decl. ¶7, Ex. A). These creditor claims, along with his ownership interests, constitute part of his Chapter 13 bankruptcy estate (Beeche Decl. ¶7, Ex. A).

As a result of the receivership, Beeche has been stripped of his management authority, his ownership interests have diminished in value, and his creditor claims against the LLCs are at risk of asset dissipation or misallocation.

The Plaintiff's filings have repeatedly labeled Beeche and his companies as "fraudulent." These accusations are false and have harmed his personal and professional reputation, unsettled employees, raised concerns among clients and suppliers, and complicated the renewal of essential liability insurance (Beeche Decl. ¶12).

No existing party adequately represents Beeche's interests. The creditor is clearly adverse, and the receiver is an officer of the Court charged with asset preservation, not a fiduciary for Beeche's ownership, creditor claims, or reputational rights.

## ARGUMENT

Beeche meets the criteria for both intervention as of right and permissive intervention. Beeche and the company are closely connected, making it unfeasible to manage the company without his involvement. He possesses the patents, procedures, and real estate that are essential for the ongoing operations of this viable business, all of which are currently assets of the debtor-in-possession's bankruptcy estate.

Rule 24 governs motions to intervene, with Rule 24(a) addressing intervention as of right and Rule 24(b) focusing on permissive intervention.

### A. Intervention as of Right

Under Rule 24(a) of the Federal Rules of Civil Procedure, a party is entitled to intervene as of right if: (1) the motion is timely; (2) the applicant claims an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that disposing of the action may impair or impede the applicant's ability to protect that interest; and (4) the existing parties do not adequately represent the applicant's interest. The Second Circuit has consistently applied these criteria, emphasizing the need for a direct, substantial, and legally protectable interest.

The Second Circuit summarized these provisions in *In re Bank of New York Derivative Litigation*, 320 F.3d 291 (2d Cir. 2003):

> In order to intervene as a matter of right under Fed. R. Civ. P.24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.

320 F.3d at 300.

### 1. Beeche's Motion is Timely

The Court first considers the timeliness of the motion to intervene. The timeliness requirement under Rule 24(a) "is flexible and the decision is one entrusted to the district judge's sound discretion." *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594-95 (2d Cir. 1986). In exercising that discretion and assessing the timeliness of a motion to intervene, courts consider factors that include (a) the length of time the applicant knew or should have known of its interest

before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; (c) prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness. *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Assoc.*, 356 F. Supp. 3d 287, 293 (S.D.N.Y. 2018) (quoting *Floyd v. City of New York*, 770 F.3d 1051, 1058 (2d Cir. 2014)). The most significant criterion is whether the delay in moving for intervention has prejudiced any of the existing parties. *Hartford Fire Ins. Co. v. Mitlof,* 193 F.R.D. 154, 160 (S.D.N.Y. 2000) (quoting *United States v. IBM*, 62 F.R.D. 530, 541-42 (S.D.N.Y. 1974)).

Beeche was initially a named defendant in the case and only realized he had been dismissed after receipt of the Court Order of August 8, 2025, memorializing his dismissal and granting the receivership (Beeche Decl. ¶10). Once he became aware of his dismissal and the implications of the receivership, Beeche prepared and filed this motion. (Beeche Decl. ¶13). There has been no delay and no prejudice to existing parties arises from this early-stage motion. Conversely, denying intervention would leave Beeche's substantial interests unprotected. See *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).

2. **Beeche Has a Direct, Substantial, and Protectable Interest**

Beeche's interests in this case are multifaceted and undeniable. He holds an 80% majority stake in the very LLCs placed into receivership, personally owns the real property where they operate, and holds the patents and intellectual property essential to their business. He is also a creditor of the LLCs, with nearly $2 million owed to him for compensation and loans, and those creditor claims are part of his pending Chapter 13 bankruptcy estate. (Beeche Decl. ¶2, 6, 7, Ex. A). Courts in this Circuit consistently hold that such interests fall squarely within the scope of Rule 24(a). See *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010)

(quoting *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990)) (intervenor must show a "direct, substantial, and legally protectable interest" in the proceedings); *United States v. City of New York*, 198 F.3d 360, 365 (2d Cir. 1999) (ownership and property rights satisfy Rule 24(a)'s interest requirement).

Beeche's position is not peripheral – it is central. The receivership displaces his management authority, undermines his financial stake, jeopardizes assets he personally owns, and opens him up to financial loss. These are precisely the kinds of ownership and property interests Rule 24(a) was designed to protect, and they establish Beeche's entitlement to intervene.

3. **Beeche's Interests Will Be Impaired Without Intervention**

Decisions made during the receivership will have a direct impact on the operations and financial health of the LLCs. This, in turn, will affect both the value of Beeche's equity interest and his standing as a creditor of the companies. If the receiver fails to preserve sufficient assets to meet creditor obligations, the value of his ownership stake and creditor claims will diminish. These are exactly the types of risks Rule 24(a)(2) is designed to prevent. See *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).

The risk of impairment extends beyond Beeche's equity ownership alone. Because he is also a creditor of the LLCs, any reduction in the companies' ability to meet obligations directly impacts the value of his bankruptcy estate. If the receivership fails to marshal sufficient assets to satisfy creditor claims, Beeche's creditor position within the LLCs will be devalued, and the feasibility of his Chapter 13 repayment plan will be placed in jeopardy.

Courts in this Circuit have recognized that financial exposure arising from related proceedings satisfies the impairment requirement under Rule 24(a). See *Bridgeport Guardians,*

*Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) (intervention appropriate where outcome could impair ability to protect significant financial interests). That risk is both real and immediate here: decisions by the receiver regarding asset disposition and creditor repayment will determine the extent to which Beeche's ownership and creditor rights are preserved. Without intervention, Beeche cannot safeguard those interests or protect his Chapter 13 estate from this foreseeable harm, underscoring why Rule 24(a)(2) entitles him to participate.

### 4. Beeche's Interests Are Not Adequately Represented by the Existing Parties

The final requirement under Rule 24(a) is that the applicant's interests are not adequately represented by existing parties. The burden to demonstrate inadequate representation is slight; the Supreme Court has held that an intervenor need only show that the existing parties' representation of its interests "may be" inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179–80 (2d Cir. 2001). Courts in this Circuit routinely hold that when a party's financial, ownership, or reputational interests diverge from those of the existing litigants, the burden of showing inadequacy is easily met.

Here, the creditor and receiver cannot represent Beeche's unique combination of interests. The creditor is plainly adverse, having sought the receivership and repeatedly accused Beeche and his companies of fraud. The creditor's goal is to maximize its own recovery, not to protect Beeche's equity interest, ownership rights, or professional reputation. Its interests diverge sharply from those of the majority owner.

Nor can the receiver be said to represent Beeche. By definition, a receiver is an officer of the Court tasked with preserving assets and managing the entity neutrally. The receiver acts under judicial authority, not as a fiduciary for Beeche's ownership rights. Courts have recognized

that a receiver's duties are distinct from those of an owner, and that intervention may be necessary where the owner's interests are displaced. See *SEC v. Credit Bancorp, Ltd.,* 194 F.R.D. 457, 466 (S.D.N.Y. 2000) (allowing intervention by nonparties whose interests were not adequately represented by the receiver). The receiver cannot assert Beeche's defenses to allegations of fraud, cannot advance his interests in preserving management control, and cannot protect the value of his personal property rights, such as patents and real estate.

In short, neither the creditor nor the receiver will, or even can, advocate for Beeche's perspective. He alone has the incentive to protect his majority ownership, his investment of personal assets, and his reputation built over decades. Without intervention, his voice will be absent from proceedings that directly determine the fate of his businesses and property. Rule 24(a) requires no more to establish inadequacy of representation. See *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *SEC v. Credit Bancorp, Ltd.,* 194 F.R.D. at 466.

In sum, Beeche's motion satisfies each of the four requirements for intervention as of right under Rule 24(a). It is timely, as he filed promptly upon learning of his dismissal and the entry of the receivership order. His ownership, property, and reputational interests are direct, substantial, and legally protectable. Those interests are in imminent danger of being impaired by the receivership proceedings and the allegations advanced in this case. Finally, no existing party adequately represents his perspective: the creditor is adverse, and the receiver acts on behalf of the Court, not the majority owner. Because all four prongs are met, intervention as of right must be granted.

### B. Permissive Intervention

Even if the Court were to conclude that intervention as of right is not mandated, permissive intervention is fully appropriate here. Rule 24(b)(1)(B) authorizes intervention where

"an applicant's claim or defense and the main action have a question of law or fact in common," and where intervention will not unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(1)(B).

In terms of deciding the propriety of permissive intervention, "[t]he court considers substantially the same factors whether the claim for intervention is 'of right' under Rule 24(a)(2), or 'permissive' under Rule 24(b)(2)." *R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006) (citation omitted). "The principal consideration set forth in the Rule [for permissive intervention] is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Brennan v. United States Postal Service*, 579 F.2d 188, 191 (2d Cir. 1978).

This case presents multiple overlapping questions of law and fact that Beeche is uniquely positioned to address. First, both the creditor's application and Beeche's defenses turn on the same legal question: whether the extraordinary equitable remedy of a receivership is warranted. Courts in this Circuit have emphasized that receivership is "drastic" and must be employed "cautiously and only when clearly necessary." *Citibank, N.A. v. Nyland (40 Wall St.) Ltd.,* 839 F.2d 93, 97 (2d Cir. 1988); *Rosen v. Siegel*, 106 F.3d 28, 34 (2d Cir. 1997). The factual record bearing on necessity – such as the financial condition of GBL and GL, the cause of any cash flow constraints, and the availability of less drastic remedies – will be the same for both the creditor and Beeche.

Second, the litigation already squarely raises issues concerning the companies' operational viability and financial health. The creditor claims that distress justifies court-appointed management; Beeche contends that the companies remain ongoing, profitable concerns with substantial assets, backlog, and contracts. The same facts, balance sheets, and

business records are at the heart of both perspectives, and Beeche's participation will provide the Court with evidence and argument directly relevant to issues already before it.

Third, the litigation concerns the impact of the receivership on ownership and management rights within the LLCs. The Court must consider whether stripping the majority owner of control comports with equitable principles and whether the receiver truly protects or instead diminishes the LLCs' value. These questions directly overlap with Beeche's defense of his membership rights and financial stake.

Finally, the case already implicates the effect of Beeche's Chapter 13 filing. The Court will need to reconsider whether the receivership violated the automatic stay under 11 U.S.C. §362, whether Beeche's membership interests are property of the estate under §541, and whether continuation of the receivership impairs the estate. These are legal questions the Court must confront regardless of whether Beeche is a party, and they are issues on which Beeche, as debtor and majority member, is the primary factual witness.

Because Beeche's defenses and the creditor's claims share these common questions of law and fact, permissive intervention is appropriate. His participation will not delay the case. His prompt motion ensures no disruption of the existing schedule and will assist the Court by bringing before it the perspective of the majority owner whose rights and estate property are directly at stake.

Plaintiff may argue that because it voluntarily dismissed Beeche as an individual defendant, he lacks standing to participate in this case. That argument is misplaced. Standing is not the test under Rule 24; intervention is. The rule expressly provides that "anyone" may seek to intervene if the standards are satisfied. See Fed. R. Civ. P. 24(a)–(b). Beeche's dismissal as a named defendant does not erase his 80% membership interest in the LLCs, his ownership of real

property and intellectual property used by the companies, or the fact that the receivership order directly impairs those interests. Plaintiff's attempt to sidestep the automatic stay by dismissing Beeche only underscores why his intervention is necessary: without it, the majority owner of the LLCs would be stripped of management rights and estate value without any voice in the proceeding.

## **CONCLUSION**

Wherefore, for the foregoing reasons, Gregory L. Beeche respectfully requests that the Court grant him leave to intervene on a limited basis under Rule 24(a)(2), with authority to file an Answer, challenge or seek to vacate or modify the receivership order, and participate in proceedings directly affecting his ownership, creditor, bankruptcy, and reputational interests, together with such other and further relief as the Court deems just and proper.

Dated: September 1, 2025

FAIRBANKS FLETCHER LAW PLLC

By: /s/ Elizabeth Fairbanks-Fletcher.  513317
Elizabeth Fairbanks-Fletcher, Esq.
178 Elm St., Suite 4
Saratoga Springs, NY 12866
518-581-8600
elizabeth@fairbanksfletcher.com

*Attorneys for Proposed Intervenor*