UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MCCORMICK 103, LLC,

                Plaintiff,

v.                                                  1:25-cv-00944 (AMN/TWD)

GREG BEECHE, LOGISTICS, LLC & GREG
LOGISTICS, LLC,

                Defendants.
_____

## DECLARATION OF GREGORY L. BEECHE
## IN SUPPORT OF MOTION FOR LIMITED INTERVENTION

    I, Gregory L. Beeche, declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct:

1. I am an individual residing in Mechanicville, New York, and I submit this declaration in support of my motion for limited intervention in the above-captioned action.

2. I am the founder and majority owner of Greg Beeche Logistics, LLC ("GBL") and Greg Logistics, LLC ("GL"). I hold an eighty percent (80%) membership interest in both entities.

3. I founded GBL in 2001 after decades of experience in the rigging and access industry. During my career, I developed and patented the ADT modular platform system, which has significantly improved efficiency and safety in façade and high-rise construction. Under my leadership, we completed access solutions for projects such as the Burj al Arab in Dubai, the United Nations Secretariat Building, One World Trade Center, and the Goldman Sachs Tower. GBL has been certified as a Minority-owned Business Enterprise (MBE) and is a long-standing member of the Scaffold & Access Industry Association. The company is well-regarded in the industry for its precision engineering and innovation.

4. Since its founding, we have successfully completed more than 600 projects across the United States and abroad, including major work in New York City, Las Vegas, Philadelphia, Cleveland, London, and Dubai. The company owns specialized equipment

valued at approximately $19 million, and this fleet is capable of generating between $25 and $45 million in revenue depending on deployment.

5. GBL is a viable business with significant assets and operations, providing comprehensive work-access services ranging from logistics planning and field training to professional engineering and master rigger support. At present, the company has about $10 million in backlog and is negotiating an additional contract valued at more than $18 million. These contracts and resources demonstrate the company's continuing strength and ability to perform.

6. In addition to my ownership interests in GBL and GL, I personally own the real property located at 356 Hudson River Road, Waterford, NY 12188, from which the businesses operate, as well as the patents and other intellectual property essential to their day-to-day operations.

7. The outcome of this litigation, and specifically the receivership proceedings, directly affects my ownership rights, financial interests, and management authority as the majority member of the LLCs.

8. On July 31, 2025, prior to the scheduled receivership hearing, I filed a Chapter 13 petition in the United States Bankruptcy Court for the Northern District of New York (#25-10879). Upon filing, my ownership interests in GBL and GL became property of my bankruptcy estate under 11 U.S.C. § 541, and the automatic stay under 11 U.S.C. § 362 took effect. My creditor claims were also listed in the petition. (Exhibit "A").

9. Despite knowledge of this filing and the stay, Plaintiff nevertheless pressed forward with its application for a receiver. On August 8, 2025, this Court entered an order appointing a receiver (ECF D.N. 28).

10. While I was originally named as a defendant in this action, I was removed shortly before the Court entered its August 8, 2025 receivership order. I did not learn of my removal until I received a copy of the receivership order.

11. The receivership has displaced me from management, removed my authority to make business, financial, and operational decisions, and diminished the value of my ownership interests. It has also jeopardized repayment of the compensation and loans owed to me, which directly harms my Chapter 13 estate and threatens the feasibility of my repayment plan.

12. The receivership has also caused reputational and business harm. Plaintiff's filings in this action repeatedly described me and my companies as "fraudulent." These accusations are false. In over two decades of operation, GBL has successfully completed more than 600 projects, maintained an excellent safety record, and consistently delivered on client contracts. I have never engaged in fraud or deception. The stigma of these accusations has already unsettled employees, strained supplier and client relationships, and complicated renewal of the companies' liability insurance.

13. I have acted promptly in filing this motion, doing so at the earliest reasonable opportunity after learning of my dismissal and of the receivership order. My request is timely and made in good faith to protect my rights and interests.

14. As majority owner and creditor, my interests are not adequately represented by the existing parties. The Plaintiff is adverse to me, having sought the receivership and accused me of fraud. The receiver is an officer of the Court with duties of neutrality, not a fiduciary for my ownership rights, creditor claims, or professional reputation. Without intervention, my perspective and interests will remain unrepresented in this proceeding.

15. For these reasons, I respectfully request that the Court grant my motion to intervene on a limited basis so that I may file an Answer, protect my ownership and creditor interests, defend my reputation, and seek relief from or modification of the receivership order.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Executed on September 1, 2025
in Mechanicville, NY

_____
GREGORY L. BEECHE

# EXHIBIT "A"

Debtor  **Beeche, Gregory L.**  Case number *(if known)* **25-10879-1**

---

31. **Interests in insurance policies**

    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

    ☐ No
    ☒ Yes. Name the insurance company of each policy and list its value. ...

    | Company name: | Beneficiary: | Surrender or refund value: |
    |---|---|---|
    | National Liability & Fire Insurance Comp - auto insurance, policy #9644, 9/25/2024 to 9/25/2025 | | $0.00 |
    | New York Central Mutual Fire Insurance Company - homeowner's insurance, policy #3028, 4/1/2025 to 4/1/2026 | NBT Bank | $0.00 |
    | Teamsters - burial policy | Spouse | $4,000.00 |

32. **Any interest in property that is due you from someone who has died**

    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

    ☒ No
    ☐ Yes. Give specific information. ........

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

    ☐ No
    ☒ Yes. Describe each claim. ..............

    | Bank of America - potential lawsuit for breach of contract | unknown |
    |---|---|
    | Shanska - potential lawsuit for breach of contract | |

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

    ☐ No
    ☒ Yes. Describe each claim. ..............

    | Commissions owed from Greg Beeche Logistics, LLC - $1,100,000.00 | $1,800,000.00 |
    |---|---|
    | Loans to Greg Beeche Logistics LLC $700,000.00 | |

35. **Any financial assets you did not already list**

    ☒ No
    ☐ Yes. Give specific information. ........

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** ...................................................................... → **$1,804,000.00**

---

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1. |
|---|---|

Official Form 106A/B  Schedule A/B: Property  page **9**