UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MCCORMICK 103, LLC,

                    Plaintiff,

v.                                                      1:25-cv-00944 (AMN/TWD)

GREG BEECHE, LOGISTICS, LLC & GREG LOGISTICS, LLC,

                    Defendants.

---

**APPEARANCES:**                                      **OF COUNSEL:**

**BUCHANAN INGERSOLL & ROONEY P.C.**      **CHRISTOPHER P. SCHUELLER, ESQ.**
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, Pennsylvania 15219

50 S. 16th Street, Suite 3200                      **MARK PFEIFFER, ESQ.**
Philadelphia, Pennsylvania 19102
*Attorneys for Plaintiff*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER APPOINTING RECEIVER

      This matter, coming before the Court on the Emergency Motion ("Motion") to Appoint Receiver filed by McCormick 103, LLC ("Plaintiff"), and the Court having ordered the appointment of Dotan Y. Melech ("Receiver") as receiver on an interim basis pursuant to the Court's Memorandum-Decision & Order dated August 8, 2025, Dkt. No. 28, ("Receivership Order," this receivership proceeding is hereinafter referred to as the "Receivership"; and the estate created in the Receivership is hereinafter referred to as the "Receivership Estate"), the Court having ordered the Plaintiff to submit to the Court a proposed order appointing the Receiver ("Order") on a permanent basis no later than September 10, 2025, and ordered Greg Beeche,

Logistics, LLC ("GBL"), Greg Logistics, LLC ("Logistics" together with GBL, the "Defendants") to file any objections to the Order on or before September 17, 2025, and no objections having been filed:

**THE COURT HEREBY FINDS AS FOLLOWS:**

(A) Plaintiff filed its Amended Complaint, asserting claims for breach of Defendants' obligations under the loan documents attached to the Amended Complaint ("Loan Documents"). In particular, Plaintiff alleges that Defendants have defaulted by failing to make payments and perform other obligations related to loans and other financial accommodations pursuant to the Loan Documents.

(B) Plaintiff requests appointment of a receiver in the above-captioned action.

(C) As set forth in the Receivership Order, good cause has been shown for the appointment of a receiver.

(D) Plaintiff has requested that the Receiver be appointed as receiver on a permanent basis.

(E) Pursuant to Rule 66 of the Federal Rules of Civil Procedure (the "Federal Rules"), this Court is empowered to appoint a receiver under the circumstances existing in this case.

(F) The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the parties hereto are of diverse citizenship.

(G) Proper and adequate notice of the hearing on the Motion was given to Defendants.

(H) The appointment of a receiver is not intended to be, nor shall it be, an election of remedies by Plaintiff, and Plaintiff expressly reserves all of its rights and remedies against Defendants and the collateral under the Loan Documents and applicable law with respect to the indebtedness and obligations owed by Defendants to Plaintiff.

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. The Motion is **GRANTED**, as provided in this Order.

2. Effective as of the date of entry of this Order (the "Effective Date"), the appointment of the Receiver is confirmed on a permanent basis.[1]

3. On the Effective Date, the Receiver is authorized to: (i) take possession, custody and control of the Receivership Assets, subject to all existing liens, claims, and encumbrances; and (ii) perform all acts reasonable and necessary to manage, protect, and preserve the Receivership Assets, without further order of the Court.  As used in this Order, (a) "Assets" means any legal, equitable or beneficial interest in, right to, or claim to any real and personal property, including, without limitation, funds, vehicles, boats, certificates of title, accounts with any Financial Institution (defined below), chattels, choses in action, chattel paper, claims, causes of action against other persons or entities, goods, instruments, equipment, fixtures, general intangibles, intellectual property, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, membership interests in any limited liability company, partnership interests, inheritances, options, contractual rights, interests in any trust, art, collectibles, furnishings, jewelry, personal effects and all cash or money, wherever located, and (b) "Receivership Assets" means Assets of any and every kind whatsoever that are (i) owned, controlled or held by or for the benefit of the Defendants, in whole or in part; (ii) in the actual or constructive possession of the Defendants, or other individual or entity acting in concert with the Defendants; (iii) held by an agent of the Defendants, including as a retainer for the agent's provision of services; or (iv) owned, controlled or held by, or in the actual or constructive

---

[1] The term of the interim receivership is extended *nunc pro tunc* to the Effective Date and the interim receivership is now extinguished in favor of the permanent receivership.  *See* Dkt. Nos. 28, 41, 43, 48.

3

possession of, or otherwise held for the benefit of, any entity directly or indirectly owned or controlled in whole or in part by the Defendants, including Assets that have been transferred to another person or entity but as to which Assets such person or entity does not have a legitimate claim.

4. Without limiting the foregoing, on the Effective Date, subject to the Budget (defined below), the Receiver is obligated to perform the following acts:

(i) take immediate possession, custody, and control of the Receivership Assets and all books and records relating to the Receivership Assets, wherever located;

(ii) take all steps necessary or reasonable to secure all premises owned, rented, leased, or otherwise controlled by Defendants, which steps may include but are not limited to any of the following as Receiver deems necessary or advisable: (a) photographing and videotaping any or all portions of the premises; (b) securing the premises by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at the premises; (c) requiring any persons present on the premises at the time this Order is entered to leave the premises, to provide Receiver with proof of identification, or to demonstrate to the satisfaction of Receiver that such persons are not removing from the premises any Receivership Assets; and (d) employing the assistance of law enforcement officers as Receiver deems necessary to implement the provisions of this Order;

(iii) supplant any rights or powers of Defendants to hold and manage the Receivership Assets;

(iv) subject to the Budget (defined below), retain and pay professionals (e.g., counsel, investment bankers, accountants, appraisers, financial advisors, property managers, real estate brokers, auctioneers, etc.) ("Professionals") to advise and assist Receiver with management, operation, or disposition of the Receivership Assets and to protect and preserve the interest and rights of Receiver in fulfilling its duties hereunder, including, without limitation, Professionals that are currently or have previously been engaged by Defendants;

(v) collect, receive, sue for, and compromise all accounts receivable, earnings, rents, issues, income, profits, and other revenues and contractual claims that constitute or relate to the Receivership Assets (the "Revenues") now due and unpaid and that become due during the Receivership;

(vi) take and have complete and exclusive control over Defendants' bank accounts (and all balances and funds therein), and, at the election of Receiver, maintain and utilize Defendants' deposit accounts (which shall be used exclusively for deposits and

disbursements of the Revenues and funds of the Receivership Estate) or to open one or more new deposit accounts and direct payors to deposit funds due and owing to Defendants in such deposit accounts;

(vii) obtain any and all financial records, statements, and other documents pertaining to Defendants from any bank, credit union, savings and loan association, insurance company, or other financial institution (collectively, the "Financial Institutions") (and all Financial Institutions are hereby directed to deliver to Receiver all such financial records, statements, and other documents pertaining to Defendants as requested by Receiver);

(viii) without further order of this Court, may market, sell or otherwise dispose of the Receivership Assets, in its entirety or in one or more parcels (each, a "Disposition"), in each case where possible free and clear of all mortgages, security interests, conditional sale or other title-retention agreements, pledges, liens, claims, judgments, demands, unrecorded easements, charges, encumbrances, defects, options, rights of first refusal, rights of reclamation, and restrictions of any kind (collectively, "Interests"). All such Interests shall attach to the proceeds of a Disposition in the same priority, extent and amount as such Interests attached to the Receivership Assets and shall be disbursed by the Receiver accordingly without further order of the Court, including as applicable, to the payment of the Receiver's fees;

(ix) file a voluntary bankruptcy petition on behalf of GBL and Logistics;

(x) initiate any litigation and/or defend, manage, dispose of, or compromise any legal action, claim, lawsuit, or other proceeding to which Defendants is currently, or may become in the future, a party, whether as plaintiff, defendant, cross-plaintiff or cross-defendant, counterclaimant, third-party plaintiff, third-party defendant, claimant, intervenor, or other capacity;

(xi) continue utilizing the services of any or all of Defendants' personnel (who shall be subject to Receiver's oversight and authority and shall be answerable solely to Receiver in order to conduct the day-to-day operations of Defendants);

(xii) in the manner the Receiver deems most beneficial to the Receivership Estate, assume control over, operate, and/or wind down the business of Defendants in such manner, to such extent, and for such duration as Receiver may deem necessary or appropriate, if at all, and pursue and preserve all of Defendants' claims or Interests;

(xiii) in the manner the Receiver deems most beneficial to the Receivership Estate, enter into and reject contracts and leases;

(xiv) hire and terminate any director, officer, employee, independent contractor, or agent of Defendants, and to adjust the salaries or compensation of any such person, all in Receiver's discretion;

(xv) take possession of (and the U.S. Postal Service and all courier or delivery services are hereby directed to release to Receiver or its designees) all mail or packages addressed to Defendants at any of Defendants' locations or post office boxes and to open and inspect all such mail and packages to determine whether any items or information contained therein fall within the mandates of this Order;

(xvi) borrow funds on behalf of Defendants as described in this Order;

(xvii) take any action necessary to ensure that all licenses and permits required under federal, state, or local law to operate Defendants' businesses are maintained;

(xviii) pursuant to 28 U.S.C. §754, within ten (10) days after the Effective Date, file a copy of the Complaint and this Order in each district where any of the Receivership Assets is located;

(xix) request any supplement or amendment of this Order as may be advisable or appropriate to further the purposes of the Receivership; and

(xx) take all other actions as may be deemed advisable or appropriate to carry out the duties, powers, and authorizations granted to Receiver or to maximize the value of the Receivership Assets.

5. Defendants (and, where applicable, Defendants' officers, shareholders, directors, partners, assigns, agents, servants, employees, accountants, and attorneys), all persons and entities claiming by or through Defendants, and all other persons and entities:

(i) shall surrender possession of all of the Receivership Assets to Receiver, of whatever nature and wherever located, whether such Receivership Assets are in the possession of Defendants or any affiliate of Defendants, or any of their officers, directors, partners, shareholders, representatives, professionals, employees, or agents, or any other person or entity, and all of such Receivership Assets shall be, on the Effective Date, placed in custodia legis of the Court;

(ii) shall be enjoined, restrained, stayed, and prohibited from (a) using, possessing, transferring or disposing of any Receivership Assets or negotiating on behalf of the Defendants for any use, possession, transfer or disposition of any Receivership Asset, (b) commencing, prosecuting, continuing or enforcing any suit or proceeding against or affecting Defendants or any part of the Receivership Assets, except that such actions may be filed to toll any statutes of limitations, (c) using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any portion of the Receivership Assets, including, without limitation, any property owned by or in the possession of Defendants or Receiver, wherever situated, (d) attempting to modify, cancel, terminate, call, extinguish, revoke or

accelerate the obligations of any lease, loan, mortgage, indebtedness, security agreement or other agreement with Defendants, or any entity controlled by Defendants, or otherwise affecting the Receivership Assets, (e) attempting to (i) obtain or control any shares of stock in the Defendants or (ii) exercise any power derived from any shares of stock in the Defendants, or (f) doing any act to interfere with the taking of control, possession, management, or sale by Receiver of any portion of the Receivership Assets, or to in any way interfere with Defendants or Receiver (including any act that interferes with the corporate governance rights of Defendants or its shareholders), or to interfere in any manner with the exclusive jurisdiction of the Court over the Receivership Assets; including to commence any bankruptcy or other insolvency proceedings for any of the Defendants; provided, however, that the foregoing shall not restrict (x) the commencement or continuation of a criminal action or proceeding, or (y) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(iii) shall be required to immediately provide access, means of access, and make available to Receiver all keys, codes, passwords, books, records, computer hardware and software (including all computer programs, data bases, disks, and other media owned or licensed by Defendants or upon which information regarding the property, assets, accounts, and businesses of Defendants are stored, recorded, or located), mail, email, and other correspondence addressed to or which may contain information regarding the Receivership Assets and affairs of Defendants; provided, however, that to the extent Receiver seeks access to such mail, email and other correspondence by parties other than Defendants, the obligation of such parties to produce shall be subject to any and all applicable privileges;

(iv) shall immediately disclose to Receiver the nature, amount, and location of any and all Receivership Assets, including, books, records, computer programs, and media owned by Defendants or connected with businesses of Defendants, and shall immediately be turnover to Receiver all Receivership Assets forthwith;

(v) shall cooperate with Receiver and abide by Receiver's requests for information and documentation so that Receiver may perform Receiver's function with full information and knowledge; and

(vi) shall return any monies taken from the Defendants' deposit accounts on or after August 8, 2025 without the authorization of the Receiver.

6. The Receiver is required to perform all obligations of Defendants under the Loan Documents in accordance with, and subject to, the terms of this Order (and any further orders of the Court) and the Receivership budget submitted to Plaintiff by Receiver (together with all updates, amendments, and supplements thereto, only as approved in advance in writing by Plaintiff in its sole and absolute discretion, the "Budget"). For the avoidance of doubt, no Budget shall be

effective unless approved by the Plaintiff in writing in the Plaintiff's sole and absolute discretion. The Receiver shall not accrue or pay any expenses other than those set forth in the Budget. The Receiver shall provide Plaintiff with all documents, records and information reasonably requested by Plaintiff (or otherwise required in the Loan Documents) in connection with Plaintiff's review and approval of the Budget. The Receiver shall not destroy any documents or records of Defendants without further order of the Court.

7. All persons and entities now or hereafter in possession of or using any Receivership Assets (whether pursuant to any contract, lease or other occupancy, operating, use or service arrangement or otherwise), or now or hereafter indebted to or obligated to make payments to Defendants, are hereby ordered to continue paying all Revenues now due and owing, or hereafter becoming due, in the ordinary course, with such payment being made to Receiver.

8. The Receiver shall faithfully discharge its duties under this Order and obey all further orders of the Court. Expenses of the Receivership Estate that are payable pursuant to the Budget with a 5% variance per line item permitted (or otherwise approved for payment by Plaintiff in writing) shall be paid: (a) first, from any Revenues or other income generated by the Receivership Assets; (b) second, from the proceeds of a Disposition of the Receivership Assets; and (c) third, to the extent that each of the foregoing is insufficient, from amounts borrowed by Receiver from Plaintiff, if any. The Receiver is not permitted to obtain a loan from any party other than the Plaintiff, and the Plaintiff shall in its sole and absolute discretion determine whether to make any loan.

9. The Receiver shall file a report every three (3) months (unless the Court orders otherwise), which shall list the receipts and disbursements made by Receiver and summarize the activities of Receiver during such period.

10. The Receiver may apply to this Court by motion and upon notice to all parties in interest for further or other authority as may be necessary in the performance of its duties hereunder.

11. Subject to the Budget, the Receiver shall be named as a primary insured party on existing insurance coverage for the Receivership Assets, and the Receiver is authorized to obtain and pay (in accordance with the Budget) the premiums for additional insurance for Defendants or for the Receiver (including, without limitation, an error and omissions policy and an umbrella policy) for the Receivership Assets and to maintain the policies otherwise in accordance with the Loan Documents.

12. The Receiver shall have and enjoy all of the powers, immunities, privileges, and prerogatives ordinarily provided to receivers under applicable law unless otherwise prohibited by this Order. Without limiting any other rights or immunities the Receiver may have at law or in equity, except for an act of willful malfeasance or gross negligence, the Receiver shall not be liable for any loss or damage incurred by the Receivership Estate, Plaintiff, Defendants or its clients, associates, subsidiaries, affiliates, officers, directors, agents or employees, or by any of its creditors or equity holders because of an act performed or not performed by Receiver or its agents or assigns in connection with the discharge of the duties and responsibilities hereunder. Additionally, subject to the foregoing, any debts, liabilities, or obligations incurred by Receiver in the course of this Receivership, including the operation or management of the Receivership Estate and Receivership Assets, shall be the debt, liability, and obligation of the Receivership Estate only and not of the Receiver or any employee or agent thereof personally. All who are acting, or have acted, on behalf of the Receiver at the request of the Receiver, are protected and privileged with the same protections of this Court as the Receiver enjoys.

13. Subject to the Budget, the Receiver is entitled to compensation on the terms set forth in the Motion. The Receiver is authorized to pay itself such compensation monthly, without further order of the Court or notice to any parties. The Receiver shall provide an itemized fee statement on a monthly basis to Plaintiff and Defendants. Furthermore, the Receiver is authorized to pay its Professionals without further order of the Court or notice to any parties.

14. The Receiver shall not be required to post a bond with the Court, and any requirement to do so is hereby waived.

15. The Receiver shall not have any responsibility for the preparation or filing of any tax return of any kind for the Defendants. The Receiver shall not be required to file any reports with the Court other than a final accounting of the receivership expenses and receipts within sixty (60) days after the termination of the receivership.

16. In connection with the discharge of their duties and obligations in this matter, the Receiver and its Professionals shall not be liable for any loss or damage incurred by Defendants or any other person by reason of any act performed or omitted to be performed by them in good faith and in the exercise of ordinary care. In the performance of its duties, the Receiver shall be entitled to consult with its Professionals, and the Receiver's reliance in good faith on the advice or opinion of such Professionals shall be considered in connection with any dispute concerning whether Receiver has exercised ordinary care. Any such dispute shall be resolved by this Court.

17. Without breaching the peace and, if necessary, with the assistance of local peace officers or United States marshals, the Receiver may enter and secure any premises, wherever located or situated, in order to take possession, custody or control of, or to identify the location or existence of, assets or records of the Receivership Estate. The Receiver may seek to compel the

attendance of a person or entity for examination and/or production of documents in a manner permissible under Federal Rule 45.

18. Within thirty (30) business days after entry of this Order, the Receiver shall serve a copy of this Order on Defendants and any person whom the Receiver is aware that has or may claim to have a lien on or security interest in any of the Receivership Assets. To the extent that the Receiver discovers the identity of additional such parties subsequently, the Receiver shall serve a copy of this Order on such persons promptly.

19. Nothing in this Order shall be construed to impair or otherwise affect Plaintiff's rights or remedies under the Loan Documents or applicable law.

20. This Order shall be in full force and effect as of the Effective Date and there is no just cause for delay.

21. Any party seeking to substitute the Receiver must notify all parties to this action and seek the permission of this Court via motion. In the event the Receiver decides to resign, the Receiver shall first give written notice to the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. Removal of the Receiver shall be within the equitable discretion of the Court.

22. The Receiver shall, upon notice of motion, be discharged by order of this Court. Within sixty (60) days after the close of the Receivership, the Receiver shall submit a final accounting as well as the Receiver's final application for compensation and expense reimbursement.

23. The Court shall retain exclusive jurisdiction and supervision of all matters concerning the Receiver and the Receivership Estate. This Order may be amended for cause shown after a motion upon prior written notice to all parties to this action.

**IT IS SO ORDERED.**

Dated: January 30, 2026
        Albany, New York

_____
Anne M. Nardacci
U.S. District Judge