Phillips Lytle LLP

**Via CM/ECF ONLY**

March 17, 2026

Hon. Anne M. Nardacci
United States District Court
Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, NY 12207

Re: *McCormick 103, LLC v. Greg Beeche, Logistics, LLC, et al.*,
Civil Action No. 1:25-cv-00944-AMN-CBF

Dear Judge Nardacci:

We represent Dotan Y. Melech, court-appointed receiver ("Receiver") of Greg Beeche, Logistics, LLC and Greg Logistics, LLC. We write with respect to defendants' untimely and unauthorized sur-reply declarations filed yesterday (Dkt. Nos. 80 & 81) and the subsequent letter requesting that they be considered (Dkt. No. 82). For the reasons set forth below, it is respectfully submitted that the Court should disregard them.

As a threshold matter, neither declaration is germane to the only motion pending before the Court—the Receiver's motion to hold Gregory L. Beeche in contempt of this Court's Order Appointing Receiver ("Permanent Order"). Dkt. No. 75. Although defendants purport to have filed an emergency motion by Order to Show Cause to stay the Receiver's duties under the Permanent Order (Dkt. No. 78), the Court has not signed it nor issued a Text Order concerning the relief sought therein.

Even assuming *arguendo* the untimely and unauthorized sur-reply declarations were pertinent to Mr. Beeche's admitted contempt, which they are not, defendants have not shown good cause for their late filing. Indeed, the declaration of Thomas Morgan (Dkt No. 80) and defendants' letter seeking leave to submit this declaration (Dkt. No. 82) are devoid of *any* reason for its untimeliness and why it could not have been submitted in accordance with this Court's Text Order setting a briefing schedule (Dkt. No. 76). Similarly, Mr. Massaroni's declaration is premised solely on information concerning the

Receiver's sale of Receivership Assets (as that term is defined in the Permanent Order), which was admittedly provided to Mr. Massaroni *before* he filed defendants' opposition to the Receiver's motion and purported cross-motion on March 11, 2026. Mr. Massaroni's only reason for not addressing this matter sooner was that he had not yet had a chance to review the information. Dkt. No. 81. This explanation does not establish good cause excusing the five-day delay.

Accordingly, the Court should deny defendants' request for leave to submit the untimely and unauthorized sur-reply declarations. Requiring the Receiver to submit a further reply under these circumstances will unnecessarily delay a determination of the Receiver's motion and prejudice the administration of the Receivership Estate. The Receiver nonetheless reserves the right to reply in the event the Court requires it.

Thank you for the Court's time and attention to this matter.

Respectfully Submitted,

Phillips Lytle LLP

By */s/ Todd A. Ritschdorff*

Todd A. Ritschdorff
TAR/

CC: All counsel of record via CM/ECF