UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MCCORMICK 103, LLC,

              Plaintiff,

        v.

GREG BEECHE, LOGISTICS, LLC,
GREG LOGISTICS, LLC,
GREGORY L. BEECHE, and
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

              Defendants.

_____

**SUPPLEMENTAL DECLARATION OF DOTAN Y. MELECH CONFIRMING THE EXTENT OF GREGORY L. BEECHE'S COMPLIANCE PURSUANT TO COURT'S MEMORANDUM-DECISION & ORDER [DKT. NO. 96]**

1:25-cv-00944-AMN-CBF

I, Dotan Y. Melech, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am the President of United AMS, LLC and I am the court-appointed receiver ("Receiver") of Greg Beeche, Logistics, LLC ("GBL") and Greg Logistics, LLC ("GL" and together with GBL, the "Receivership Entities") pursuant to this Court's Order Appointing Receiver dated January 30, 2026 ("Permanent Order"[1]).  Dkt. No. 63.  I am fully familiar with all the facts and proceedings herein.

2.      I submit this supplemental declaration further to the Court's Memorandum-Decision & Order dated April 3, 2026 ("Contempt Order") (Dkt. No. 96) to advise the Court of new information relative to defendant, Gregory L. Beeche's ("Beeche"),

---

[1] I was first appointed as Receiver on an interim basis pursuant to the Court's Memorandum Decision & Order dated August 8, 2025, as amended on August 11, 2025 (collectively, the "Interim Order").  Dkt. Nos. 28 & 29.  All defined terms not otherwise defined herein shall have the meaning given to them in the Permanent Order.

non-compliance with the Permanent Order, specifically, Beeche's non-disclosure and storage of Receivership Assets at another location controlled by him.

### Relevant Background

3.    On March 6, 2026, my attorneys filed an emergency motion to hold Beeche in contempt of the Permanent Order ("Contempt Motion") for failing to turn over the following Receivership Assets, *viz.*, (i) administrator login credentials and passwords for the GBL servers, (ii) a certain 2014 Porsche Panamera, VIN WP0BC2A75EL077136, owned by GBL, and (iii) all funds Beeche transferred or withdrew from GBL's TD Bank, N.A. business checking account on or after August 8, 2025 without authority totaling at least $71,000.00 ("Wrongfully Transferred Funds").  Dkt. No. 75.

4.    On April 3, 2026, the Court granted the Contempt Motion in its entirety and entered the Contempt Order.  Dkt. No. 96.

5.    The Contempt Order directed me to "file and serve an affidavit as to whether Defendant Beeche [was] in full compliance with the Permanent Receivership Order" no later than April 10, 2026 at 5:00 p.m.  *Id*. at 16.

6.    In accordance with the Contempt Order, my attorneys caused my declaration concerning Beeche's partial compliance with the Permanent Order to be filed on April 10, 2026 at 4:59 p.m.  Dkt. No. 100.

### Newly Discovered Information Confirming Beeche's Further Non-compliance with the Permanent Order

7.    On April 13, 2026, and in anticipation of the auction of GBL equipment and inventory going live today ("Auction"), a member of my team spoke with a potentially interested purchaser who informed us that GBL equipment was being stored off site at 367 Hudson River Road, Waterford, NY 12188 ("367 Hudson Property").

8.     The 367 Hudson Property is across the street from 356 Hudson River Road, Waterford, NY 12188 ("GBL Facility").  A public records search revealed that the current owner of the 367 Hudson Property is Beeche Properties, LLC.  A true copy of the deed for the 367 Hudson Property is attached as **Ex. A**.

9.     Beeche is the registered agent for Beeche Properties LLC.  A true copy of Beeche Properties LLC's articles of incorporation is attached as **Ex. B**.

10.     On April 13, 2026, at my direction, Mathew Koster, a representative of my auctioneer, went to the 367 Hudson Property to investigate whether Receivership Assets were present there to include in the Auction.

11.     Mr. Koster sent my team photographs he took at the 367 Hudson Property of what appears to be Receivership Assets stored in the backyard and surrounding area.  True copies of the photographs are attached as **Ex. C**.

12.     Some of the photographs show a considerable amount of scrap and other metal, which is substantially similar to the scrap and other metal located at the GBL Facility that is scheduled to be sold at the Auction.  Critically, several pieces are identified by GBL markings.

13.     The photographs also depict a crane, serial no. 108163, which is substantially similar to GBL's cranes located at the GBL Facility scheduled to be sold at the Auction.

14.     A commercial trailer, bearing VIN ending in 2986, is also included in the photographs, which is substantially similar to GBL's trailers located at the GBL Facility waiting to be sold at the Auction.

15.     Finally, the photographs depict a locked storage container, which is substantially similar to storage containers located at the GBL Facility.

16.     I reasonably believe that all of the items depicted in the photographs attached as **Ex. C**, including the contents of the locked storage container, are Receivership Assets, which, despite the clear and unambiguous Permanent Order, were never previously disclosed to me.

17.     Although I am authorized and directed to sell *all* Receivership Assets pursuant to the Permanent Order, I am concerned about administering these newly discovered Receivership Assets without authorization for me to open the locked storage container and for me and potential bidders to access the 367 Hudson Property.

18.     I respectfully submit that Beeche's failure to disclose and turn over all Receivership Assets at the 367 Hudson Property is a further contempt of the Permanent Order, which impedes my ability to perform my duties and obligations under the Permanent Order.

Dated: April 15, 2026                    By: ___/s/ Dotan Y. Melech_____
                                                Dotan Y. Melech