UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT – N.D. OF N.Y.

FILED

**Jun 3 - 2026**

John M. Domurad, Clerk

McCORMICK 103 LLC,

*Plaintiff,*

v.

GREG BEECHE LOGISTICS LLC,
GREG LOGISTICS, GREGORY L.
BEECHE et al.,

*Defendants.*

Civil Action No.: 1:25-cv-00944

**GREGORY BEECHE'S OPPOSITION OF SUPPLEMENT TO PLAINTIFF'S MOTION TO AMEND THE RECEIVERSHIP ORDER TO ADD CERTAIN REAL PROPERTY OWNED BY THE DEFENDANT GREGORY L. BEECHE TO THE RECEIVERSHIP [ECF NO. 137, 137-1, 137-2]**

**DEFENDANT GREGORY L. BEECHE'S EMERGENCY MOTION TO COMPEL, DIRECTING THE RECEIVER TO CEASE AND DESIST THE REMOVAL OF REAL PROPERTY FIXTURES; EMERGENCY REQUEST FOR A TEMPORARY STAY; AND OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE RECEIVERSHIP ORDER [ECF NO. 137]**

Defendant Gregory L. Beeche ("Defendant") respectfully submits "Pro se" this Emergency Motion and Opposition to the Court. Defendant urgently requests that this Court:

1.  **Compel** the Court-appointed Receiver, Dotan Y. Melech (the "Receiver"), to immediately cease and desist all removal operations regarding twenty-four (24) storage containers located at 356 Hudson River Road; The containers were /are part of the property and have steel and concrete foundations. The town of Halfmoon allow the containers to be added in a formal review and approval. The container were/are all mechanically attached and per the Town could serve as permanent storage same as torage facilities for monthly rent. Also your honor, the 24 containers have personal and company materials and things of value, inside. All the containers are full of all kinds of valuable things. One such container has a $30K test machine for example.

In support of this emergency request, Defendant respectfully states as follows:

## I. EMERGENCY CIRMCUMSTANCES: UNLAWFUL REMOVAL OF REAL PROPERTY FIXTURES

An emergency order is necessary because active, irreversible property damage is occurring at this very moment under the direction of the Receiver at the facility located at 356 Hudson River Road.

1. **Active Spoliation of Property:** The Receiver has deployed a commercial crane to the facility and is actively removing twenty-four (24) structural containers from the premises.
2. **Fixtures Excluded from Auction Sale:** These containers were never listed, marketed, or sold during the recent asset auction. The misunderstanding appeared that the contents were in question. No one considered that they would take containers that were bolted together and sitting on steel beams and on concrete or both.
3. **Permanent Real Property Fixtures:** These containers are not severed personal property; they are permanent fixtures engineered with steel and concrete foundations. They were formally filed with and approved by the local municipality as permanent structural components of the industrially zoned plant and office building.
4. **Refusal to Cease and Desist:** Defendant contacted the Receiver today to demand an immediate halt to the removal of these permanent fixtures. The Receiver refused to stop operations, stating only that he would "consider it," while active removal continues unabated. The receiver again refuses to allow me and my associates access to the property. This even though last Monday he told me I could access today; Wednesday. The receiver today would not even allow me to get in the facility to use the restroom.

## II. BREACH OF ACCESS AGREEMENT AND SEIZURE OF CORPORATE RECORDS

On Monday, June 1, 2026, the Receiver expressly agreed to grant Defendant access to the property today to inspect the premises and audit what remains of the corporate assets following an auction that yielded a mere 5% of their estimated valuation.

Upon arrival today, the Receiver breached this agreement and denied Defendant physical access to the property. Furthermore, the Receiver previously seized the company's physical servers without prior notice. Because the server infrastructure contains all permitting, municipal approvals, and engineering records proving the containers are permanent fixtures, the Receiver has effectively stripped Defendant of the immediate data required to verify these facts, though such records remain independently verifiable through town municipal filings.

## III. PATTERN OF MISCONDUCT RECEIVER

The ongoing, unauthorized removal of structural fixtures is part of a broader, deeply concerning pattern of bad-faith conduct, asset mismanagement, and intimidation by the Receiver that destroys any confidence in his neutrality:

- **Attempted Expropriation of Intellectual Property:** The Receiver previously attempted to coerce Defendant and his assistant to surrender proprietary intellectual property (IP) under the threat of immediate liquidation.

- **Destruction of Server Infrastructure:** When threats failed, the Receiver breached the corporate servers. According to Mr. Thomas Morgan—an independent IT professional retained to investigate the system breach—the Receiver's unauthorized efforts to extract 3.2 terabytes of proprietary technology ultimately resulted in the physical destruction of the servers. Mr. Morgan explicitly concluded that this action constituted an unauthorized attempt to seize intellectual property.
- **Coercion and Intimidation:** The Receiver has subjected Defendant and corporate staff to persistent intimidation assets. This conduct reached a severity that caused Assistant Silvia Beeche to fear for their physical safety, prompting her to record these interactions to preserve evidence of the economic and verbal duress.
- The Receiver continues to deny me the list of companies or individuals who purchased our assets

## IV. CONCLUSION AND PRAYER FOR RELIEF

The Receiver's liquidation of assets at an extreme fraction of their value, combined with the active, unauthorized dismantling of municipal-approved real property fixtures, is causing immediate, irreparable harm to the estate and to Defendant.

**WHEREFORE**, Defendant Gregory L. Beeche respectfully requests that this Court grant the following emergency relief:

1. **ORDER** the Receiver to immediately cease and desist the removal of the twenty-four (24) containers and any other fixtures or unlisted contents from 356 Hudson River Road;
2. **ORDER** a Temporary Stay of all asset liquidation, structural removals, and underlying court processes until a formal inquiry can be conducted;
3. **ORDER** a formal evidentiary hearing and judicial inquiry into allegations of fraud, property destruction, and breach of fiduciary duty by the Receiver;
4. **DENY** Plaintiff's Motion to Amend the Receivership Order [ECF No. 137] to incorporate additional real property.

Sworn under penalty of perjury to the best of my ability on June 03, 2026

Respectfully submitted,

By: /s/ Gregory L. Beeche

Gregory L. Beeche, Defendant *Pro Se*
65 Smith Road
Mechanicville N.Y.
12118. U.S.A.
518-225-21-52
gregbeeche@gmail.com