# APPENDIX 4

Christopher P. Schueller, Esquire
New York Bar No. 2582914
**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, NY  10019
Telephone:  (212) 440-4400
Fax:  (212) 440-4401
E-mail: christopher.schueller@bipc.com
*Attorneys for Plaintiff, McCormick 103, LLC*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCCORMICK 103, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> GREG BEECHE, LOGISTICS, LLC; GREG LOGISTICS, LLC; GREGORY L. BEECHE; and NEW YORK STATE DEPARTMENT OF TAXATION, <br><br> and <br><br> "JOHN DOE", "JANE DOE", "DOE ASSOCIATES", and "DOE CORP.", the names being fictitious and being intended to refer to any and all adult natural persons and to all partnerships, corporations and other legal entities having, or which may claim to have, any lien against or interest in the Real Property described in the complaint in this action, other than persons or entities already defendants herein, <br><br> *Defendants*. | Civil Action No.1:25-cv-00944-AMN-TWD |

## AFFADAVIT OF JEREMY HALVERSON IN SUPPORT OF
## PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT

STATE OF PENNSYLVANIA    )
                              ) ss.:

COUNTY OF WASHINGTON    )

I, Jeremy Halverson, being duly sworn depose and say:

1.      I am a Vice President of Beltway Capital, LLC ("**Beltway**"), sole member of McCormick Holdings, LLC, who is sole member of McCormick 103, LLC ("**Plaintiff**").

2.      I am authorized to make this Affidavit on behalf of Plaintiff.

3.      I am the person at Beltway supervising the loans which are the subject of this action. I am familiar with the facts and circumstances hereinafter set forth based on Plaintiff's business records and my personal knowledge.

4.      I respectfully submit this affidavit in support of Plaintiff's Motion for Summary Judgment ("**MSJ**").

5.      Plaintiff commenced this action by filing a complaint on July 17, 2025[1] against Defendants Greg Beeche, Logistics, LLC ("**GBL**"), Greg Logistics, LLC ("**GL**"), Gregory L. Beeche ("**Beeche**", together with GBL and Greg Logistics, "**Obligors**" together with all other defendants the "**Defendants**") as a result of Obligors' defaults under a commercial loan made by Plaintiff's predecessor to the Obligors, seeking to, among other things, foreclose on several mortgages on certain real property located at 356 Hudson River Road, Waterford, New York 12188 (the "**Property**"), as well as on Plaintiff's security interest in the personal property described in the Third Mortgage (the "**Personal Property**", together with the Real Property, the "**Mortgaged Property**").

---

[1]    ECF No. 1.

6. Plaintiff filed an amended complaint on August 6, 2025 and a Second Amended Complaint on January 23, 2026 (the "**Complaint**").

7. Defendant New York State Department of Taxation and Finance ("**NY State**") is made a party defendant herein due to any interest it may have in the Real Property (as defined below) by virtue of any unpaid taxes or other charges which may constitute a lien against the Real Property.

. **The First Loan**

8. On or about April 20, 2017, Beeche, individually, duly executed and delivered that certain Mortgage Term Loan Agreement (as amended or modified from time to time, the "**First Loan Agreement**") in the original principal amount of $3,600,000.00 ("**First Loan**") to Bank of America, N.A. ("**Original Lender**"). A true and correct copy of the First Loan Agreement is attached to the Complaint as Exhibit A.

9. As security for repayment of the First Loan, Beeche executed and delivered to Original Lender a Mortgage Consolidation, Modification and Extension Agreement, Assignment of Rents, Security Agreement and Fixture Filing and Gap Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated April 20, 2017 (and together with all modifications thereof, the "**First Mortgage**"), secured by a first priority lien on the Mortgaged Property. The First Mortgage was recorded in the Office of Saratoga County Clerk (the "**Records**") on May 15, 2017, at Instrument #2017014776 and Instrument #2017014774. A true and correct copy of the First Mortgage is attached to the Complaint as Exhibit B**.**

10. Original Lender perfected its security interest in and to Beeche's fixtures by filing UCC-1 fixture filings in the Records. A true and correct copy of the filed UCC-1 is attached to the Complaint as Exhibit C.

3

## The Second Loan

11.     On or about April 20, 2017, Beeche duly executed and delivered that certain Construction Loan Agreement (as amended or modified from time to time, the "**Second Loan Agreement**") in the original principal amount of $1,150,000.00 ("**Second Loan**") to Original Lender.  A true and correct copy of the Second Loan Agreement is attached to the Complaint as Exhibit D.

12.     As security for repayment of the Second Loan, Beeche executed and delivered to Original Lender a Construction Loan Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated April 20, 2017 (together with all modifications thereof, the "**Second Mortgage**"), secured by a second priority lien on the Mortgaged Property. The Second Mortgage was recorded in the Records on May 15, 2017, at Instrument #2017014777. A true and correct copy of the Second Mortgage is attached to the Complaint as Exhibit E.

13.     Original Lender perfected its security interest in and to Beeche's fixtures by filing UCC-1 fixture filings in the Records. A true and correct copy of the filed UCC-1 is attached to the Complaint as Exhibit F.

## The Third Loan

14.     On or about April 20, 2017, GBL duly executed and delivered that certain Loan Agreement (as amended or modified from time to time, the "**Third Loan Agreement**") for a line of credit in the amount of $4,000,000.00 and a term loan in the original principal amount of $1,350,000.00 ("**Third Loan**") to Original Lender. A true and correct copy of the Third Loan Agreement is attached to the Complaint as Exhibit G.

15.     The terms and conditions of the Loan are further governed by a Security Agreement (as amended or modified from time to time, "**Security Agreement**"), dated on or about April 13,

4

2017, executed by GBL, Greg Logistics, and Original Lender. A true and correct copy of the Security Agreement is attached to the Complaint as Exhibit H.

16.    As further security for repayment of the Third Loan, Beeche executed and delivered to Original Lender a Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated on or about July 6, 2021 (together with all modifications thereof, the "**Third Mortgage**", and together with First Mortgage and Second Mortgage, the "**Mortgages**"), secured by a lien on the Mortgaged Property and a security interest in the personal property. The Third Mortgage was recorded in the Records on September 6, 2024, at Instrument #2024022252. A true and correct copy of the Third Mortgage is attached to the Complaint as Exhibit I.

17.    Original Lender perfected its security interest in and to the fixtures by filing UCC-1 fixture filings in the Records. A true and correct copy of the filed UCC-1 is attached to the Complaint as Exhibit J.

### The Fourth Loan

18.    On or about November 8, 2017, GBL duly executed and delivered that Amendment to Loan Agreement (as amended or modified from time to time, the "**Amendment to Third Loan Agreement**") to add a $2,5000,000.00 line of credit which converted to a term loan ("**Fourth Loan**" and together with the First Loan, Second Loan, and Third Loan, collectively, the "**Loans**") to Original Lender. A true and correct copy of the Amendment to Third Loan is attached to the Complaint as Exhibit K.

### Guaranties

19.    GL, in connection with and as additional security for the Loans, executed and delivered to Original Lender that certain Continuing and Unconditional Guaranty dated as of April 20, 2017 to personally guaranty all debts of GBL and Beeche  to the Original Lender (the "**GL**

5

**Guaranty**").  A true and correct copy of the GL Guaranty is attached to the Complaint as Exhibit L.

20.    GBL, in connection with and as additional security for the Loans, executed and delivered to Original Lender that certain Continuing and Unconditional Guaranty dated as of April 20, 2017 to personally guaranty all debts of Beeche to the Original Lender (the "**GBL Guaranty**").  A true and correct copy of the GBL Guaranty is attached to the Complaint as Exhibit M.

21.    Beeche, in connection with and as additional security for the Loans, executed and delivered to Original Lender that certain Continuing and Unconditional Guaranty dated as of April 20, 2017 to personally guaranty all the Loans to GBL(the "**Beeche Guaranty**", together with the GL Guaranty and GBL Guaranty, the "**Guaranties**").  A true and correct copy of the Beeche Guaranty is attached to the Complaint as Exhibit N.

**Assignment by Original Lender to Plaintiff**

22.    On or about June 2, 2025, effective as of May 21, 2025, Original Lender assigned all its right, title and interest to and under the foregoing documents to the Plaintiff pursuant to the following attached to the Complaint (the "**Assignment Documents**"):

   a.  A Bill of Sale attached as Exhibit O;

   b.  an Assignment of Mortgage Consolidation, Modification and Extension Agreement, Assignment of Rents, Security Agreement and Fixture Filing, recording in the Records on June 17, 2025, at Instrument 2025015799, a true and correct copy of which is attached as Exhibit P;

   c.  an Assignment of Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, recorded in the Records on June 17, 2025 at Instrument 2025015802, a true and correct copy of which is attached as Exhibit Q;

6

d. an Assignment of Leases and Rents, recorded in the Records on June 17, 2025, at Instrument 2025015802, a true and correct copy of which is attached as Exhibit R;

e. an Assignment of Leases and Rents, recorded in the Records on June 17, 2025 at Instrument 2025015801, a true and correct copy of which is attached as Exhibit S; and

f. an Assignment of Construction Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, recorded in the Records on June 17, 2025, at Instrument 2025015800, a true and correct copy of which is attached as Exhibit T.

g. Copies of UCC-3 assignments are attached as Exhibit U.

23. Plaintiff's interest in the Mortgaged Property remains perfected.

24. The foregoing documents, as they relate to the First Loan Agreement, First Loan, First Mortgage, Second Loan Agreement, Second Loan, Second Mortgage, Third Loan Agreement, Third Loan, Security Agreement, Third Mortgage, Amendment to Third Loan Agreement, Fourth Loan, the Guaranties, and the Assignment Documents as the same have been modified or amended from time to time, shall be referred to, collectively, as the "**Loan Documents**."

25. Plaintiff is the owner and holder of the Loan Documents.

26. Plaintiff's interest in the Personal Property and fixtures remains perfected.

27. Plaintiff is in possession of the original First Loan Agreement, Second Loan Agreement, Third Loan Agreement, and Amendment to Third Loan Agreement, and the Assignment Documents.

28. All mortgage taxes owing in connection with the Mortgages have been duly paid.

**The Defaults**

29.  Events of Default have occurred and are continuing under the Loan Documents.

30.  Borrower is in default under the terms and conditions of the Loan Documents as a result of, among other things, (a) Defendants' failure to pay all amounts due under the Third and Fourth Loans by the maturity date of November 1, 2023 under Section 9.1 of the Third Loan Agreement and Section 2A.3 of the Amendment to Third Loan Agreement[2] ("**Maturity Defaults**"); (b) GBL's failure to comply with Section 7.5 Basic Fix Charge Coverage Ratio for the periods ending on March 31, 2023 and June 40, 2023 under the Third Loan Agreement ("**Covenant Default**"); (c) the Maturity Defaults and Covenant Default constitute an event of default under the Section 8.4 of the First Loan Agreement and an event of default under Section 10.1(d) of the Second Loan Agreement;  (d) Beeche's failure to pay taxes on the Real Property for tax years 2023, 2024, and 2025 as required under Sections 8.3 and 8.4 of the First Loan Agreement,  Sections 10.1(c) and (d) under the Second Loan Agreement, and Section 9.4 of the Third Loan Agreement; and (e) Beeche's failure to make any of the debt service payments as of July 2025 under the First Loan and Second Loan.

31.  More specifically, Defendants have not made any payments on the Third and Fourth Loans since October of 2023.  Defendants have failed to make any payments on the First and Second Loan since June of 2025.

32.  By letters dated May 17, 2024, May 5, 2025, and May 15, 2025 ("**Notices of Default**"), Plaintiff notified Defendants of the defaults, accelerated the Loan, and demanded

---

[2] Plaintiff acknowledges that the Second Amended Complaint referred to this document as the "Fourth Loan Agreement." This was purely a typographical error and was meant to reference the Amendment to Third Loan Agreement, which is defined in the Second Amended Complaint as the "Fourth Loan."

payment in full of the Loan. True and correct copies of the Notice of Defaults are attached collectively to the Complaint as Exhibit V.

33. As of the date hereof, there is no written or any other agreement between the parties extending the maturity date of the Loans past November 1, 2023.

34. Defendants' defaults are continuing.

35. As of the date hereof, the Loans have been accelerated, and the entire balance of the Loans are due and owing and have not been paid.

36. Plaintiff is entitled to foreclose on the Mortgaged Property as a result of the Events of Default.

37. All conditions precedent to Plaintiff bringing this lawsuit and foreclosing on the Mortgages have occurred, have been performed, or have been waived.

38. Plaintiff is entitled to all amounts due and owing under the Loan Documents, including, but not limited to, the payment of its attorneys' fees and other expenses for commencing and prosecuting this action.

39. Plaintiff may have previously expended funds and may hereafter expend funds for the purpose of paying real property taxes or insurance premiums, for the purpose of enforcing its interests pursuant to the Loan Documents, or for otherwise protecting or benefiting the Real Property in order to protect its lien under the Mortgages. Under the terms of the Mortgages, any such expenditures or payments may be added to the indebtedness, and Plaintiff will request that the amounts of such payments, with interest thereon, be adjudicated as part of the judgment of foreclosure and sale sought herein.

40. Upon information and belief, none of the defendants is a minor or incompetent.

41.     No action is pending for the recovery of the indebtedness. No judgment has heretofore been entered in favor of Plaintiff and against any defendants for the indebtedness.

42.     If a deficiency is incurred upon the disposition of the Mortgaged Property referred to herein, the same should be adjudicated against the Obligors, and a judgment in the amount of the deficiency should be entered in Plaintiff's favor.

*(Signature to follow on next page)*

10

Docusign Envelope ID: 74390806-4877-8AEC-810B-7014FF5BE47A

Signed by:

*Jeremy Halverson*

FD10AC3542D1417...

Jeremy Halverson

## UNIFORM FORM CERTIFICATE OF ACKNOWLEDGMENT
(Outside of New York State)

COMMONWEALTH OF PENNSYLVANIA        )

                                          ) ss.:

COUNTY OF WASHINGTON                  )

On the 18 day of June , 2026 before me, the undersigned, personally appeared **Jeremy Halverson**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Washington, Commonwealth of Pennsylvania.

```
Commonwealth of Pennsylvania - Notary Seal
Susan K Sotak, Notary Public
Allegheny County
Commission Number 1311257
My Commission Expires Aug. 11, 2026
```

DocuSigned by:

*Susan K Sotak*

9642198E68E04FB...

Notary Public

11