UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MCCORMICK 103, LLC,

Plaintiff,

v.

GREG BEECHE, LOGISTICS, LLC;
GREG LOGISTICS, LLC,

Defendants.

Civil Action No.:
1:25-cv-00944-AMN-TWD

**RECEIVER'S LIMITED OBJECTION TO MOTION OF GREG BEECHE, LOGISTICS, LLC AND GREG LOGISTICS, LLC TO LIFT OR MODIFY RECEIVERSHIP STAY TO ACCESS AVAILABLE INSURANCE COVERAGE**

Dotan Y. Melech, President of United AMS, LLC, court-appointed receiver ("Receiver") of Greg Beeche, Logistics, LLC ("GBL") and Greg Logistics, LLC ("GL" and together with GBL, the "Receivership Entities"), by and through the undersigned counsel, respectfully submits this limited objection ("Objection") to the motion of Greg Beeche, Logistics, LLC and Greg Logistics, LLC to lift or modify receivership stay to access available insurance coverage ("Motion") that Defendants, Greg Beeche, Logistics, LLC, filed on June 15, 2026 (Dkt. No. 147).

The Receiver does not oppose the requested relief in principle. Whitestone Construction Corp. ("Whitestone"), however, is the Third-Party Plaintiff in the action set forth in the Motion, the only party with claims against GBL, and has also knowingly been in violation of the Permanent Receivership Order (Dkt. No. 63) since February 19, 2026 for failure to identify and return GBL assets. The Receiver does not believe Whitestone should be granted relief from this Court's injunction until it is in full compliance with the Permanent Receivership Order.

Whitestone should identify and turn GBL equipment over to the Receiver so that the Receiver can properly liquidate all estate property in accordance with the Permanent Receivership Order. The Receiver submits the following in support of this Objection:

On February 19, 2026, the Receiver's counsel sent a letter to Whitestone via FedEx Overnight to notify Whitestone that it is currently in possession of equipment owned by GBL and demanded return of that equipment by February 27, 2026. A true and correct copy of the letter is attached as **Exhibit A**.

On March 4, 2026, Whitestone responded through counsel stating "By WCC's account, with the payments made by WCC to BGL to date and accounting for delays and back charges occasioned by GBL's numerous breaches, WCC has the right to utilize the Scaffolding System through at least August 2027, at which time it will relinquish the Scaffolding System to the care and custody of the Receiver." A true and correct copy of the letter is attached as **Exhibit B**.

Over the next several weeks, counsel for the Receiver and counsel for Whitestone corresponded regarding Whitestone's obligations under the Permanent Receivership Order. Whitestone's counsel initially agreed to provide an inventory of GBL's equipment, but the Receiver has not received anything to date. True and correct copies of these emails are attached as **Exhibit C**.

On April 30, 2026, counsel for the Receiver spoke with GBL's coverage counsel regarding the Permanent Receivership Order and the injunction's effect on litigation against GBL. GBL's coverage counsel requested that the Receiver agree to relief from the injunction to allow the litigation to proceed and potentially settle at mediation. Initially, the Receiver was willing to agree to the requested relief so long as there were no collection attempts against the Receivership

Estate. But the Receiver learned that Whitestone was one of the parties requesting relief and his counsel immediately informed GBL's coverage counsel of the impropriety of Whitestone seeking relief from the Permanent Receivership Order while it was knowingly in violation of that Order. True and correct copies of these emails are attached as **Exhibits D** and **E**.

## CONCLUSION

The Receiver's position remains constant. Whitestone is in possession of and is actively using GBL's assets and will purportedly do so until Whitestone's project ends in August 2027. Such self-help is a continuing violation of the Permanent Receivership Order.[1] It is inappropriate for Whitestone to be granted relief from the very Order it is openly and knowingly violating. Accordingly, any relief from the Court should be conditioned on Whitestone providing a declaration that identifies all GBL assets in its possession, custody, or control. The relief should further be conditioned on Whitestone promptly returning GBL's equipment or its cash equivalent to the Receiver.

Dated: Las Vegas, Nevada
July 6, 2026

SPENCER FANE LLP

By: /s/ R. McKay Holley

R. McKay Holley
(Admitted *Pro Hac Vice*)
Attorneys for Receiver
*Dotan Y. Melech, as Receiver of Greg Beeche, Logistics, LLC and Greg Logistics, LLC*
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Telephone No. (702) 408-3400
mholley@spencerfane.com

and

[1] The Receiver reserves all rights with respect to Whitestone's continuing violations of the Permanent Receivership Order.

PHILLIPS LYTLE LLP

Todd A. Ritschdorff, Esq.
*Attorneys for Dotan Y. Melech, President of United AMS, LLC, Court-Appointed Receiver of Greg Beeche, Logistics, LLC and Greg Logistics, LLC*
3 Winners Circle, Suite 306
Albany, New York 12205
Telephone No.: (518) 472-1224
Email: tritschdorff@phillipslytle.com