Christopher P. Schueller, Esquire
New York Bar No. 2582914
**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, NY 10019
Telephone: (212) 440-4400
Fax: (212) 440-4401
E-mail: christopher.schueller@bipc.com
*Attorneys for Plaintiff, McCormick 103, LLC*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCCORMICK 103, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>GREG BEECHE, LOGISTICS, LLC; GREG LOGISTICS, LLC; GREGORY L. BEECHE; and NEW YORK STATE DEPARTMENT OF TAXATION,<br><br>and<br><br>"JOHN DOE", "JANE DOE", "DOE ASSOCIATES", and "DOE CORP.", the names being fictitious and being intended to refer to any and all adult natural persons and to all partnerships, corporations and other legal entities having, or which may claim to have, any lien against or interest in the Real Property described in the complaint in this action, other than persons or entities already defendants herein,<br><br>*Defendants.* | Civil Action No.1:25-cv-00944-AMN-TWD |

**PLAINTIFF'S OPPOSITION TO THE MOTION FOR RECONSIDERATION AND TO STAY THE CASE FILED BY DEFENDANT GREGORY L. BEECHE**

Plaintiff McCormick 103, LLC ("**Plaintiff**"), by and through its attorneys, Buchanan Ingersoll & Rooney PC, respectfully submits this opposition to the Motion for Reconsideration and to Stay Case (the "**Motion for Reconsideration**") [ECF 150] filed by Defendant Gregory L. Beeche ("**Beeche**").

## I. INTRODUCTION

On April 3, 2026, this Court entered a Memorandum-Decision & Order (the "**Decision**") which, among other things: a) granted the motion for contempt (the "**Contempt Motion**") [ECF 75] filed by the Court appointed Dotan Melech ("**Receiver**"); b) denied Defendants' cross-motion to stay [ECF 78]; c) ordered Beeche to transfer to the Receiver the administrative credentials and passwords for the servers of Defendant Greg Beeche, Logistics, LLC ("**GBL**"), a 2014 Porsche Panamera and all wrongfully transferred funds [ECF 96, page 16].

Two and a half months later, on June 18, 2026, Beeche filed the Motion for Reconsideration [ECF 150] of the Decision. Beeche acknowledges he is "repeating past statements" to the Court [ECF 150, page 1]. As a result, Beeche has not stated any grounds for reconsideration of the Decision which should only be permitted in rare circumstances. The Court properly held Beeche in contempt and should not revisit this matter.

## II. RELEVANT BACKGROUND

On July 17, 2025, the Plaintiff commenced this action to foreclose on all its collateral and obtain money judgments ("**Receivership Action**"). [ECF 1]. On August 8, 2025, the Court appointed the Receiver as receiver on an interim basis [ECF 28]. Pursuant to an order ("**Receiver Order**") [ECF 63] entered on January 30, 2026, the Court made the appointment of the Receiver permanent. The receivership estate is comprised of the receivership assets (the "**Receivership**

**Assets**") which are defined broadly to include "any legal, equitable or beneficial interest in, right to, or claim to any real and personal property, including, without limitation, … general intangibles,…contracts… [and] contractual rights…" of the defendants, including movant Greg Beeche, Logistics, LLC ("**GBL**") [ECF 63, page 3, paragraph 3].

On March 6, 2026, the Receiver filed the Contempt Motion [ECF 75] seeking, *inter alia*,: (i) to hold Beeche in contempt of the Receiver Order; and (ii) directing Beeche to turn over to the Receiver the administrator login credentials and passwords for the GBL server(s), and all data, hardware, or software Beeche removed from the server(s) located at the GBL facility, a Porsche motor vehicle, and wrongfully transferred funds.

Beeche responded to the Contempt Motion by taking the position that the assets referenced in the Contempt Motion are not properly subject to the Receiver's control. [ECF 78-1]. Beeche also went on the offensive against the Receiver by raising a litany of grievances which have no bearing on the contempt issues including: a) the Receiver's alleged refusal to turn over assets; b) allegations the Receiver aggressively dismantled the company; c) allegations the Receiver jeopardized the value of company assets; d) the Receiver's alleged refusal to consider a cooperative effort to resolve the company's financial condition; e) the Receiver was allegedly acting outside the scope of the Receiver's authority by claiming a right to possession and control of intellectual property allegedly belonging to Beeche; and f) the assets referenced in the Contempt Motion are allegedly not properly subject to the Receiver's control. [ECF 78-1].

On April 3, 2026, this Court entered the Decision which granted the Contempt Motion, denied Defendants' cross motion to stay [ECF 78] and ordered Beeche to transfer to administrative credentials, passwords, a 2014 Porsche Panamera and all wrongfully transferred funds to the Receiver [ECF 96, page 16]. The Court found there was clear and convincing evidence of Beeche's

noncompliance with the Receiver Order and that there was no indication Beeche made any reasonable attempt to fully comply with the Receiver Order [ ECF 96, page 7].

The Court found that Beeche does not contest that the Porsche is an asset of the receivership estate which willfully remains in Beeche's possession. [ECF 96, page 7]. The Court found Beeche did not dispute that he withdrew or transferred money from GBL's business checking account on five (5) separate occasions after the Court entered the temporary receiver order. [ECF 96, page 8]. The Court also found that the passwords and credentials relating to GBL's servers are property of the receivership estate which includes any asset "owned, controlled or held by or for the benefit of the Defendants, in whole or in part." [ECF 96, page 10]. The Court rejected Beeche's claim that the patents were his personal property because "every patent Beeche identified in his opposition brief is expired." [ECF 96, page 10].

Beeche acknowledges in the Motion for Reconsideration that he is "repeating past statements" to the Court [ECF 150, page 1]. In general terms, the Motion for Reconsideration continues to dispute that the intellectual property belongs to GBL, Beeche also complains about conduct of the Receiver and the bankruptcy court which are unrelated to the Contempt Motion. In particular, Beeche claims the Receiver sold assets for "penny's" [sic] on the dollar and crashed GBL's servers. Beeche also claims the Receiver sold containers in which personal property of the employees was stored. Beeche alleges the Receiver spoke to the chapter 11 trustee during hearing in Beeche's bankruptcy case and that the bankruptcy court made unfavorable rulings against Beeche. [ECF 150, pages 1-2].

## III. <u>LEGAL STANDARD</u>

As a general matter, a "motion for reconsideration" is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "Accordingly,

the standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

More specifically, a court "may grant a Rule 59(e) motion only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (alteration in original) (internal quotations omitted) (first quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013); and then citing *Hollander v. Members of the Bd. of Regents of the Univ. of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013)).

Similarly, "Rule 60(b) is a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." Pelczar v. Pelczar, 833 F. App'x 872, 876 (2d Cir. 2020) (internal quotations omitted) (quoting Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)). Rule 60(b) permits relief from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. F.R.C.P. 60(b).

## IV. DISCUSSION

### A. Beeche has not alleged the existence of any grounds warranting reconsideration of the Decision or relief from the Decision.

The Motion for Reconsideration should be summarily denied because Beeche has not alleged any grounds warranting reconsideration of the Decision. Beeche has not alleged any intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. See, *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (specifying permissible grounds for reconsideration). To the contrary, Beeche acknowledges he is "repeating past statements" to the Court [ECF 150, page 1].

Beeche is not entitled to relief under Rule 60(b) because Beeche does not allege: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Beeche, now filing on a *pro se* basis, merely re-hashes the same arguments which his counsel made on his behalf in his opposition to the Contempt Motion. There is nothing new and nothing was overlooked by the Court.

Although Beeche raises a new laundry list of grievances against the Receiver, these grievances are unrelated to the Contempt Motion or Decision. Beeche was not held in contempt for issues related to the adequacy of any sale price obtained by the Receiver, the Receiver's alleged sale of employee property, discussions between the Receiver and the bankruptcy trustee or adverse decisions of the bankruptcy court. Beeche was held in contempt because he took, or continued to

withhold, assets which belong to the receivership estate. He was held in contempt because the Court properly ruled that Beeche was required to turn over the Porsche and the improperly withdraw funds to the Receiver. The Court properly ruled Beeche was required to provide the Receiver with the credentials and passwords for GBL's servers. The Court also considered, and appropriately rejected, Beeche's position that he owned GBL's patents. The patents claimed by Beeche are expired.

## V. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Motion for Reconsideration be denied.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated: July 9, 2026
New York, New York

By: /s/ Christopher P. Schueller
Christopher P. Schueller
N.Y. Bar No. 2582914
640 5th Avenue, 9th Floor
New York, NY 10019
Telephone: (212) 440-4400
Fax: (212) 440-4401
E-mail: christopher.schueller@bipc.com

*Attorneys for Plaintiff*