U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Aug 13 - 2026
John M. Domurad, Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

McCormick 103 LLC, et al.

Plaintiff(s),

v.

**GREG BEECHE LOGISTICS LLC, GREG LOGISTICS, GREGORY L. BEECHE *et al.*,**

Defendant(s).

**Civil Action No.: 1:25-cv-00944**

**GREGORY L. BEECHE'S OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF A RECEIVER AND FOR SALE OF ASSETS**

Honorable Anne M. Nardacci
United States District Judge

Defendant Gregory L. Beeche, appearing pro se, respectfully moves this Honorable Court for an Order denying Plaintiff's Motion for Appointment of a Receiver with the power to sell assets, or in the alternative, granting a temporary stay to allow newly retained defense counsel to enter an appearance.

In support of this Motion, Defendant respectfully states as follows:

**I. PRELIMINARY STATEMENT & OBJECTION TO CLAIM OF "NO OPPOSITION"**

* Defendant respectfully and strongly opposes the appointment of the proposed Receiver and the granting of authority to said receiver to sell any assets.
* Plaintiff's counsel, Attorney Schueller, incorrectly represented to the Court in Docket No. 166-1 that there was "no opposition" to the motion. Defendant explicitly refutes this assertion and files this formal opposition to set the record straight.

**II. ARGUMENT**

**A. Conflict of Interest and Unsuitability of Proposed Receiver**

* The proposed receiver group presents a significant conflict of interest as they are proposed to act as both the Receiver and the liquidating seller of the assets.
* Furthermore, the proposed receiver entity lacks the necessary expertise for the subject property. The proposed group operates primarily in New York City high-rise commercial real estate markets, whereas the property at issue is industrial real estate located in Upstate New York.
* Given the currently depressed industrial real estate market in Upstate New York and high interest rates, utilizing a firm without specialized regional industrial expertise will result in severe undervaluation and commercial waste of the subject property.

**B. Lack of Jurisdiction Over Gregory L. Beeche and Personal Assets**

* During the previous telephonic hearing, Attorney Schueller explicitly stated on the record before Your Honor that Gregory L. Beeche and the personal assets titled in his name are not subject to this receivership.
* On August 6, 2025, Plaintiff amended its lawsuit, explicitly removing Gregory L. Beeche and his personal assets from the action entirely.

**C. Receiver Misconduct, Breach of Fiduciary Duty, and Lack of Transparency**

* The current/proposed receiver, Mr. Melech, has demonstrated a clear lack of impartiality and has engaged in actions that have severely depleted the value of the estate:

* **Unlawful Disposal of Attached Real Property/Fixtures**: Receiver Melech deliberately removed 45 commercial containers that were permanently attached to the building foundation, bolted together, filed with the town. and loaded with machinery and materials. Despite express written warnings from Defendant prior to removal, Receiver Melech sold these structural fixtures and contents—valued in excess of $100,000.00—for a nominal sum of $200 each.

* **Refusal of Reasonable Access**: Receiver Melech has repeatedly and firmly refused to allow Defendant and his assistant access to the property to inspect the premises or verify the status of personal vs. receivership property.

* **Lack of Transparency**: Receiver Melech has kept the identities of buyers of estate assets secret, preventing proper accounting, oversight, or verification of fair market value sales.

**D. Request for Brief Continuance to Complete Retention of Legal Counsel**

* Defendant has legal representation through LegalShield and is finalizing formal retention agreements with local counsel who has accepted to review the case, and we are looking for an agreement of representation at affordable hourly rates.
* Defendant is meeting with counsel this coming Tuesday to finalize entry of appearance and is finalizing joint-check financing arrangements to fund the defense.
* Defendant respectfully requests that the Court exercise its equitable discretion to grant a brief continuance/stay of these proceedings to allow incoming counsel to formally file an appearance and submit supplemental briefings.

**III. CONCLUSION & PRAYER FOR RELIEF**

WHEREFORE, Defendant Gregory L. Beeche respectfully ask that this Honorable Court:

* DELAY Plaintiff's Motion for Appointment of Receiver and Power to Sell Assets, until the Defendant has a legal representation.
* IN THE ALTERNATIVE, STAY all proceedings regarding the receivership for thirty (15) days to allow newly retained legal counsel to enter an appearance;
* ORDER Receiver Melech to permit Defendant and his representative reasonable access to inspect the subject property;
* ORDER Receiver Melech to provide a full, itemized accounting of all sold property, including the buyers' identities and disposition of the 45 containers and their contents; and
* Grant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing factual statements are true and correct, to the best of my ability, knowledge, information, and belief.
Executed on this 13 day of August, 2026.

Respectfully submitted,

**Gregory L. Beeche -** *Pro Se*
65 Smith Road
Mechanicville N.Y.
12118. U.S.A.
518-225-21-52
gregbeeche@gmail.com