Christopher P. Schueller, Esquire
New York Bar No. 2582914
**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, NY 10019
Telephone: (212) 440-4400
Fax: (212) 440-4401
E-mail: christopher.schueller@bipc.com
*Attorneys for Plaintiff, McCormick 103, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MCCORMICK 103, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GREG BEECHE, LOGISTICS, LLC and GREG LOGISTICS, LLC,<br><br>Defendants. | Civil Action No. 1:25-cv-00944-AMN-[CBF]<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO INTERVENE OF NATHANIAL M. SMITH** |

Plaintiff McCormick 103, LLC ("Plaintiff"), respectfully submits this Memorandum of Law in Opposition to the Motion to Intervene ("Motion") [ECF 175] of Nathanial M. Smith ("Smith").

## I. INTRODUCTION

This is an action to foreclose on the plaintiff's senior mortgage against commercial real estate and to liquidate the personal property of Greg Beeche, Logistics, LLC ("GBL") pursuant to the Plaintiff's senior secured lien on those assets. The Court already appointed two receivers in this case (the "Receivers"); one receiver is responsible for the personal property of GBL and another receiver is responsible for the commercial real estate owned by the defendant Greg Beeche ("Beeche"). Smith is a pro se filer and is a former employee of the corporate defendants. Smith now seeks to intervene in this action. Smith has already burdened this action with multiple

frivolous filings, including a motion to dismiss this action and transfer venue [ECF 144] and two motions for the appointment of pro bono counsel for Beeche[ECF 112, 125]. Plaintiff is deeply concerned that Smith's intervention will become another means to harass and obstruct the Receivers. Fortunately, however, for the Receiver sand the Plaintiff, Smith has no valid legal basis to intervene.

**First**, Smith has no direct, substantial, and legally protectable interest in the litigation. Smith does not own any of the receivership assets. Any economic interest of Smith in the litigation and the receivership assets is indirect, at best.

**Second**, Smith has no possibility of a recovery in this case. Plaintiff's secured claim must be paid before any unsecured creditors such as Smith have a recovery. That will not happen. The secured debt owed to Plaintiff exceeds $13 million, and the receivership assets are worth around $5 million at best. the mere possibility that this action may reduce Smith's ability to collect a debt is not the kind of impairment Rule 24 protects.

**Third**, even if Smith has interests which could be protected in the litigation (he does not), those interests can and should be adequately protected by the existing parties. The Defendants, as owners of the receivership assets, and the Receivers as fiduciaries are motivated to maximize the recovery from any sale.

In the alternative, to the extent Smith seeks permissive intervention, this fails too. Smith will not bring any efficiencies to this litigation. Instead, he stands only to be a distraction by seeking to protect interests which are remote or which do not exist, and by inviting every potential creditor of the Defendants and Beeche to litigate their claims within this receivership.

For these and other reasons discussed in more detail below, Plaintiff respectfully requests that the Court deny the Motion.

## II. FACTUAL BACKGROUND

### A. DEFENDANTS AND APPOINTMENT OF RECEIVER

GBL is a construction company which designs, manufactures, delivers, erects, supervises, uses, and then dismantles its adaptable, modular scaffolding and other work access systems. Beeche is the majority owner of GBL. GBL is no longer in operation and its assets are being liquidated for the benefit of the Plaintiff. On August 8, 2025, the Court appointed a receiver over the assets of GBL. The balance of the Defendants' secured debt with Plaintiff exceeds $13 million.

### B. THE GBL RECEIVER CLOSES DOWN THE BUSINESS AND THE RECEIVERSHIP IS EXPANDED TO THE REAL ESTATE.

The GBL Receiver quickly realized GBL cannot continue to operate as a going concern, shut down operations, and pursued a liquidation sale of the receivership assets. [ECF 39-1] Thereafter, on August 14, 2026, the Court granted Plaintiff's motion for the appointment of a real estate receiver. [ECF 169]. The real estate receiver is actively working towards a sale of the commercial real estate owned by Beeche.

### C. SMITH AND HIS MOTION TO INTERVENE.

On October 15, 2026, Smith filed the Motion. [ECF 175] Smith seeks to intervene as an unsecured creditor who has no protectible security interests. On November 6, 2026, Beeche filed a response in support of the Motion. [ECF 182]

## III. ARGUMENT

### A. SMITH SHOULD NOT BE PERMITTED TO INTERVENE AS OF RIGHT.

#### 1. Legal Standard

Federal Rule of Civil Procedure 24(a) provides for intervention as of right. *Tile, Inc. v. CellnTell Distrib. Inc.*, No. 1:20-CV-428 (FJS/DJS), 2022 U.S. Dist. LEXIS 130990 (N.D.N.Y. June 17, 2022). "To be granted intervention as of right . . . 'an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired

by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action.'" *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014). "The '[f]ailure to satisfy any one of these [four] requirements is a sufficient ground to deny the application.'" *Penn-Star Ins. Co. v. McElhatton*, 818 F. App'x 67, 70 (2d Cir. 2020).

"While accepting as true the non-conclusory allegations of the motion, courts applying Rule 24 must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases." *Kamdem-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016). Furthermore, "except for allegations frivolous on their face, an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention." *Oneida Indian Nation of Wisc. v. State of New York*, 732 F.2d 261, 265 (2d Cir. 1984).

Here, the Motion is untimely because Smith has known of this action and the receivership for many months as evidenced by his prior filings, see ECF 112, 125, 144, yet waited until October 15, 2026, after substantial receivership proceedings had been completed before seeking to intervene. Furthermore, as discussed below, the Motion should be denied because Smith has failed to demonstrate that (i) Smith has an interest in the litigation, (ii) his interests may be impaired by the disposition of the litigation, and (iii) the existing parties do not protect his interests adequately.

**2. Smith Does Not Have A Direct, Substantial, and Legally Protectable Interest In The Litigation.**

The Second Circuit has underscored that "for an interest to be cognizable under Rule 24, it must be direct, substantial, and legally protectable." *Floyd v. City of New York*, 770 F.3d 1051, 1060 (2d Cir. 2014); see also *Southwestern Payroll Serv., Inc. v. Pioneer Bancorp, Inc.*, No. 1:19-CV-01349 (FJS/CFH) (N.D.N.Y. Aug. 4, 2020). "In other words, '[a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of

events before it becomes colorable, will not satisfy the rule.'" *Floyd*, 770 F.3d at 1060 (quoting Brennan, 260 F.3d at 129).

Here, Smith has no direct interest in this litigation. Smith does not own any of the receivership assets. Defendants own all the assets which are being liquidated. Moreover, Smith does not identify a claim or defense he will assert against any party that shares a common question with Plaintiff's claims. Smith seems to just want to monitor the action and perhaps criticize actions of the Receiver. That is not a direct interest.

**3. No Interest of Smith Will Be Impaired.**

An applicant for intervention must show that "the disposition may as a practical matter impair or impede their ability to protect their interests." *New York Pub. Int. Rsch. Grp., Inc. v. Regents of Univ. of State of N.Y.*, 516 F.2d 350, 352 (2d Cir. 1975). Generally, a judgment creditor will not be permitted to intervene in an action where a judgment debtor is under receivership. *Southwestern Payroll Serv., Inc.*, No. 1:19-CV-01349 at p. 7 ("mere fact that the first action may decrease the ability of the intervenor to collect a potential judgment against the defendant is insufficient to be considered a substantial impairment of an interest for the purposes of Rule 24(a)(2)"). On the treatment of unsecured judgment creditors, the District Court for the Northern District of New York described with approval law from the Ninth Circuit, as follows:

> In *United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004), a judgment creditor from a previous, unrelated action moved to intervene in an environmental action after the district court issued an order, which appointed a receiver and barred the enforcement of any action or lien against the receiver, or any property subject to the receivership, without prior court approval. In affirming the denial of the judgment creditor's intervention motion, the Ninth Circuit shared in the district court's concern that permitting intervention in the case "would raise the specter of a complicated 'battle royal' among rival creditors[.]" Id.; see *Glyn v. Roy Al Boat Mgmt. Corp.*, 897 F. Supp. 451, 453 (D. Haw. 1995) ("Were this court to agree that [the judgment creditor] could intervene . . . it would transform every civil suit before this court into a kind of exaggerated interpleader action where all potential creditors of all parties could assert their rights."). The Ninth Circuit also observed that the judgment creditor's sole interest in attempting to intervene was the

> prospective collectability of a debt and such an interest was "several degrees removed from the [claims] . . . that are the backbone of this litigation." *Alisal Water Corp.*, 370 F.3d at 920.

*Id.* (some citations omitted).

Here, Smith does not have an interest to protect. To the extent Smith claims to be a creditor of the Defendants or of Beeche, Smith will never have a recovery as an unsecured creditor because the secured debt of $13 million exceeds the $5 million value of the receivership assets by $8 million. It is not a close call. Aside from this, as noted above, unsecured creditors should not be permitted to intervene in any receivership action because that will make the receivership action unwieldy and inefficient. Permitting Smith to intervene would invite precisely the "battle royal" among rival creditors that courts have refused to allow.

**4. Any Interest of Smith Can and Should Be Adequately Protected By the Existing Parties.**

As parties to the action and owners of all the receivership assets, the Defendants are best suited to defend any indirect interest which Smith has in the litigation. And, like Smith, the Defendants and the Receivers should be motivated to maximize the recovery of assets in a sale for the benefit of creditors. Indeed, Beeche has already filed a submission supporting the positions Smith advances [ECF 182], confirming that Smith's views are already before the Court.

**B. PERMISSIVE INTERVENTION DOES NOT APPLY.**

A party that does not qualify for intervention as a matter of right may request permissive intervention. See Fed. R. Civ. P. 24(b). For permissive intervention, the primary consideration "is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (quoting Fed. R. Civ. P. 24(b)(2)); see *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994); *7C Wright, Miller & Kane*, Federal Practice & Procedure § 1913 (3d ed.); see also *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 561-62 (2d Cir. 2005) ("When considering a request for permissive intervention, a

district court must 'consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'"). "Additional relevant factors include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *H.L. Hayden Co.*, 797 F.2d at 89 (internal quotation marks omitted).

Smith does not qualify for permissive intervention. The litigation is simple. Plaintiff has a secured loan. The Defendants are in default. Plaintiff has a right to liquidate its collateral. The value of the collateral is approximately $8 million less than the secured debt. The Receiver is skilled at maximizing the value of assets through a sale. The intervention of Smith can only obstruct or overcomplicate the Receiver's efforts in what should be a straightforward proceeding.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny the Motion and award other and further relief.

Dated: November 9, 2026

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

/s/ Christopher P. Schueller
Christopher P. Schueller (NY I.D. No. 509543)
640 5th Ave. 9th Floor
New York, NY 10019
T 212 440 4400
F 212 440 4401
christopher.schueller@bipc.com

*Attorneys for Plaintiff*