Christopher P. Schueller, Esquire
New York Bar No. 2582914
**BUCHANAN INGERSOLL & ROONEY PC**
640 5th Avenue, 9th Floor
New York, NY 10019
Telephone: (212) 440-4400
Fax: (212) 440-4401
E-mail: christopher.schueller@bipc.com
*Attorneys for Plaintiff, McCormick 103, LLC*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MCCORMICK 103, LLC,<br>*Plaintiff,*<br>v.<br>GREG BEECHE, LOGISTICS, LLC; GREG LOGISTICS, LLC; GREGORY L. BEECHE; and NEW YORK STATE DEPARTMENT OF TAXATION,<br>and<br>"JOHN DOE", "JANE DOE", "DOE ASSOCIATES", and "DOE CORP.", the names being fictitious and being intended to refer to any and all adult natural persons and to all partnerships, corporations and other legal entities having, or which may claim to have, any lien against or interest in the Real Property described in the complaint in this action, other than persons or entities already defendants herein,<br>*Defendants*. | Civil Action No. 1:25-cv-00944-AMN-TWD |

**AFFIDAVIT OF WILLIAM COLUCCI IN SUPPORT OF ORDER TO SHOW CAUSE IN CONNECTION WITH PLAINTIFF'S EMERGENCY MOTION FOR AN ORDER (I) SCHEDULING A FINAL HEARING TO APPROVE THE RECEIVER'S SALE OF REAL ESTATE; (II) APPROVING THE RECEIVER'S ENGAGEMENT OF APPRAISERS AND PUBLICATION OF SALE; AND (III) GRANTING RELATED RELIEF**

1. My name is William Colucci. I make this Affidavit based on my personal knowledge and review of the relevant documents maintained in the ordinary course of business. I would so testify if called upon in open court to do so.

2. I am the court-appointed receiver (the "**Receiver**") for the real property located at 356 Hudson River Road, Waterford, New York 12188 (the "**Property**") pursuant to the *Final Order Appointing Real Estate Receiver* [Docket No. 169] in the above-captioned matter (the "**Receivership Order**").

3. In my capacity as Receiver for the Property, among other things, I am responsible for managing and administering the Property and the receivership estate. I am making this Affidavit based on personal knowledge and a review of certain business records kept by me in the ordinary course of business. My business records, including those for and relating to the Property and receivership estate, are maintained by me in the course of my regularly conducted business activities and are made at or near the time of the event by or from information transmitted by a person with knowledge. It is my regular practice to keep such records in the ordinary course of a regularly conducted business activity. I make this Affidavit based upon my review of those records relating to the Property and receivership estate, my own personal knowledge of how those records are kept and maintained, and my own personal knowledge of the management and administration of the Property and receivership estate.

4. I make this Affidavit in support of Plaintiff McCormick 103, LLC's ("**Plaintiff**," or "**Lender**") *Order to Show Cause in connection with Plaintiff's Emergency Motion for Order: (I) Scheduling a Final Hearing to Approve the Receiver's Sale of Real Estate; (II) Approving the Receiver's Engagement of Appraisers and Publication of Sale; and (III) Granting Related Relief* (the "**Motion**"). I am authorized to make this Affidavit.

5. The Property is an industrial property of approximately 5.02 acres with approximately 55,165 square feet of improvements thereon, which serves as collateral for the

following commercial mortgage loans as set forth in the Complaint filed on July 17, 2025, seeking, among other things, to foreclose the Property [Docket No. 1]:

- a certain Mortgage Consolidation, Modification and Extension Agreement, Assignment of Rents, Security Agreement and Fixture Filing and Gap Mortgage, Assignment of Rents, Security Agreement and Fixture Filing in the original principal amount of $3,600,000.00 (the "**First Loan**"), dated April 20, 2017 (and together with all modifications thereof, the "**First Mortgage**"), recorded in the Office of Saratoga County Clerk (the "**Records**") on May 15, 2017, at Instrument #2017014776 and Instrument #2017014774;

- a certain Construction Loan Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated April 20, 2017 (together with all modifications thereof, the "**Second Mortgage**") in the original principal amount of $1,150,000.00 (the "**Second Loan**"), recorded in the Records on May 15, 2017, at Instrument #2017014777; and

- a certain Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, dated on or about July 6, 2021 (together with all modifications thereof, the "**Third Mortgage**", and together with First Mortgage and Second Mortgage, the "**Mortgages**") for a line of credit in the original principal amount of $4,000,000.00, and a term loan in the original principal amount of $1,350,000.00 (the "**Third Loan**"), recorded in the Records on September 6, 2024, at Instrument #2024022252.

6. As detailed in the Complaint (as amended), as of July 14, 2025, the following balances are due under the Loans secured by the Mortgages:

- **<u>First Loan</u>**: Principal of $2,583,614.96 and interest of $69,050.18.

- **<u>Second Loan</u>**: Principal of $785,833.08 and interest of $19,654.21.

- **<u>Third Loan</u>**: Principal of $6,550,000 and interest of $1,037,535.51.

7. The Property to be sold consists of all the real property, improvements located thereon.

8. Defendant Gregory L. Beeche ("**Beeche**") is the owner of the Property.

9. The Property is not currently generating any income.

10. Based upon my review, the Property's current value is below the amounts due to Plaintiff on the Loans and, therefore, there is no equity in the Property beyond the amount that the Plaintiff would recover from any sale of the Property. Thus, Beeche will not have any recovery. Furthermore, the amount of the indebtedness will continue to increase as additional interest, taxes, attorneys' fees and costs accrue.

11. I have determined in my sound business judgment that it is in the best interest of the receivership estate to sell the Property, subject to the Court's approval, as soon as possible.

12. Pursuant to Section 1(m) of the Receivership Order, this Court authorized me to, *inter alia*, "if directed by the Plaintiff, engage Pyramid Brokerage Company[,] to sell the Real Estate in accordance with applicable federal law …."

13. At the direction of the Plaintiff, I have engaged Pyramid Brokerage Company (the "**Broker**") to sell the Property. The Broker made a comprehensive effort to market the Property for sale and solicit offers from prospective purchasers. The Broker has extensive experience in marketing real estate assets similar to the Property, and it has a proven track record of success in the brokerage industry.

14. In connection with this action, and in anticipation of the requirement of 28 U.S.C. §2001(b), I retained three (3) independent, third-party appraisers and I now seek Court approval of these engagements. The three disinterested appraisers are:

A. BBG Real Estate Services ("**BBG**"). A copy of BBG's credentials are attached as **Exhibit A**. A copy of the engagement letter I signed with BBG is attached as **Exhibit B**.

B. Upstate Appraisal Services, Inc. ("**Upstate**"). A copy of Upstate's credentials are attached as **Exhibit C**. A copy of the engagement letter I signed with Upstate is attached as **Exhibit D**.

C. CBRE, Inc. ("**CBRE**," and collectively with BBG and Upstate referred to herein as the "**Appraisers**"). A copy of CBRE's credentials are attached as **Exhibit E**. A copy of the engagement letter I signed with CBRE is attached as **Exhibit F**.

15. As a result of my marketing efforts and the Broker's extensive marketing efforts, several prospective buyers expressed interest in the Property.

16. I determined that the offer submitted by the current, proposed purchaser Red Sea Development, Inc. and/or its assigns (the "**Buyer**") was the best offer.

17. Pursuant to the terms of the Purchase and Sale Agreement dated October 23, 2026 (the "**PSA**," which term shall include any amendments thereto in writing that are entered into between the Receiver and the Buyer), I agreed to sell the Property to Buyer for an all cash purchase price of $4,500,000.00 (the "**Sale Price**"), and the Buyer agreed to remit earnest money in the total amount of $100,000.00 with the execution of the PSA (the "**Deposit**"). A true copy of the PSA is annexed hereto as **Exhibit G**.

18. As detailed by the terms of the PSA, the closing on the Buyer's purchase of the Property must occur on or before December 31, 2026, as this purchase is intended to be part of a 1031 exchange.

19. Pursuant to 28 U.S.C. §2001(b), to obtain Court approval for a sale of real estate in receivership I need to obtain three appraisals to ensure that the sale price I have obtained is at least two-thirds of the average value of the three appraisals. The Court also needs to approve the three

appraisers. In addition, I must publish notice of the proposed sale for at least 10 days. After that, I need the Court to approve the sale.

20. Because of the time pressures we are under to avoid losing the sale to the current buyer, I propose that the Court schedule two hearings as part of the sale process. First, I ask the Court to schedule an initial hearing on or before **November 22, 2026** on an expedited basis so that the Court can direct me on the appointment of the appraisers and the newspaper in which I should publish the notice of sale. At that initial hearing, I respectfully request that the Court schedule a final hearing approving the sale on or before **December 10, 2026** as well as a scheduling order for the submission of pleadings in connection with the final hearing.

21. At the final hearing, I will then request final confirmation from the Court for the sale of the Property (free and clear of all liens, claims, encumbrances, and rights of redemption, with all such liens, claims and encumbrances attaching to the proceeds of such sale in the same order of validity, priority, and enforceability), in a form substantially similar to the Final Sale Order attached hereto as **Exhibit H**.

22. In accordance with Section 1(m) of the Receivership Order, the Receiver has obtained Lender's consent to sell the Property to Buyer pursuant to the PSA.

[SIGNATURE PAGE TO FOLLOW]

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 19th day of November, 2026.

WILLIAM COLUCCI

STATE OF NEW YORK )
) ss.
COUNTY OF ONONDAGA )

On this 19th day of November, 2026, before me, the undersigned, personally appeared William Colucci, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person(s) upon behalf of which the individual acted, executed the instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, the day and year last above written.

Notary Public in and for Said County and State
Acting in the County of Onondaga

Cherie DeCicco
(Type, print or stamp the Notary's name below his or her signature.)

My Commission Expires:

CHERIE DECICCO
Notary Public, State of New York
No. 01DE6129903
Qualified in Onondaga County
Commission Expires July 5, 2029