# EXHIBIT G

# SALE AGREEMENT

Docusign Envelope ID: 6BCFC2F7-42FA-81BF-817E-FFAA0E05B284

CIREB
Commercial and Industrial Real Estate Brokers, Inc.
A PROFESSIONAL TRADE ASSOCIATION

Revised June 2012

# STANDARD FORM CONTRACT FOR PURCHASE AND SALE OF REAL ESTATE

THIS IS A LEGALLY-BINDING CONTRACT. IF NOT FULLY UNDERSTOOD, WE RECOMMEND ALL PARTIES TO THE CONTRACT CONSULT AN ATTORNEY BEFORE SIGNING.

## 1. IDENTIFICATION OF PARTIES TO THE CONTRACT

**A. SELLER** - The Seller is ~~The Seller is~~ in his capacity

**William Colucci, as Receiver of Record** for McCormick 103, LLC v. Greg Beeche Logistics, LLC et al.

**5845 Widewaters Parkway, Suite 200, East Syracuse, NY 13057**

(the word "Seller" refers to each and all parties who have an ownership interest in the Property).

**B. PURCHASER** - The Purchaser is

**Ascend Modular Home Systems, LLC, and/or assigns**

**1385 Point Road, Broadalbin, NY 12025**

(the word "Purchaser" refers to each and all of those who sign below as Purchaser).

## 2. PROPERTY TO BE SOLD

The Property and improvements which the Seller is agreeing to sell and which the Purchaser is agreeing to purchase is known as

**356 Hudson River Rd (Tax Map: 286.-1-22.1)**

located in the city, village or town of **Halfmoon** in **Saratoga** County. (This Property includes all the Seller's rights and privileges, if any, to all land, water, streets and roads annexed to, and on all sides of the property.) The lot size of the Property is described as approximately

**5.02 Acres with approx. 55,165 SF of improvements thereon.**

## 3. ITEMS INCLUDED IN SALE

The items, if now in or on said Property are represented to be owned by the Seller, free from all liens and encumbrances, and are included in the sale "as is", on the date of this offer, together with the following items

**Real estate and improvements only, sold 'as-is, where-is'. All on-site personal property, machinery, equipment, vehicles, and inventory are excluded from this real estate contract and are being acquired by Purchaser under a separate $100,000.00 agreement with the Asset Receiver; accordingly, Seller/Receiver shall have no obligation to remove said contents or broom-sweep the premises prior to Closing.**

## 4. PURCHASE PRICE

The purchase price is ($ **4,500,000.00**) **Four Million, Five Hundred Thousand** DOLLARS

The Purchaser shall pay the purchase price as follows:

| | |
|---|---|
| $ **100,000.00** | deposit with this contract. |
| $ | additional deposit on |
| $ **4,400,000.00** | in cash or certified check at closing. |
| $ | by PURCHASER assuming and agreeing to pay a mortgage, now a recorded lien on the premises upon which there is unpaid estimated principal amount. |
| $ | Purchase money mortgage to Seller (see attached addendum for terms) |
| $ **4,500,000.00** | **TOTAL PRICE** |

Docusign Envelope ID: 6BCFC2F7-42FA-81BF-817E-FFAA0E05B284

**5. MORTGAGE CONTINGENCY** N/A - ALL CASH

~~This Contract is contingent upon Purchaser obtaining approval of a mortgage loan in the amount of $_____ at an initial rate of _____ percent, fixed or adjustable, for a term of _____ not to exceed _____ points. Purchaser agrees to use diligent efforts to obtain said approval and shall apply for the mortgage loan within _____ business days after the Seller has accepted this contract. Purchaser agrees to apply for such a mortgage loan to two lending institutions, if necessary. This contingency shall be deemed waived unless Purchaser shall notify _____ in writing as called for in paragraph 19, no later than _____ of his/her inability to obtain said approval. If the Purchaser so notifies, then this Contract shall be deemed cancelled, null and void, and all deposits made hereunder shall be returned to the Purchaser.~~

**6. MORTGAGE EXPENSE AND RECORDING FEES**

The mortgage recording tax imposed on the mortgagor, mortgage and deed recording fees, expenses of drawing papers and any other expenses to be incurred in connection with procuring a mortgage, shall be paid by the Purchaser.

**7. OTHER TERMS** (if any)

**NYS Disclosure: Buyer principal Jeff Knox is a licensed NYS Real Estate Broker acting solely as a principal.**

**Closing: On or before Dec 31, 2026 (subject to final Court/Receiver approval and Due Diligence expiration).**

**Assets: Contingent on simultaneous closing of a separate $100,000 agreement with Asset Receiver for all on-site assets.**

**8. TITLE AND SURVEY**

A. The abstract of title or any continuation thereof, or any title insurance policy shall be obtained at SELLER'S ☐ PURCHASER'S ☒ expense. The Seller shall cooperate in providing any available abstract of title or title insurance policy information without cost to PURCHASER. If the SELLER has a survey of the premises, it shall be provided to the PURCHASER and SELLERS ☐ PURCHASER ☒ shall pay the cost of updating any such survey or the cost of a new survey.

B. Title to the Property shall be free and clear of all liens, encumbrances, covenants, conditions and other matters affecting title, except for the Permitted Exceptions, and shall be good of record, in fact merchantable and insurable at standard rates. For the purposes of this Paragraph 8, the term "Permitted Exceptions" shall mean those matters affecting title to the Property set forth on Exhibit N/A, attached hereto and made a part hereof.

**9. CONDITION OF PREMISES**

The buildings on the premises are sold "as is" without warranty as to condition, and the Purchaser agrees to take title to the buildings "as is" and in their present condition subject to reasonable use, wear, tear and natural deterioration between the date hereof and closing of title: except that in the case of any destruction within the meaning of the provisions of Section 5-1311 of the General Obligations Law of the State of New York entitled "Uniform Vendor and Purchaser Risk Act", said section shall apply to this Contract.

**10. CONDITIONS AFFECTING TITLE**

The Seller shall convey and the Purchaser shall accept the Property subject to all covenants, conditions, restrictions and easements of record and zoning and environmental protection laws so long as the Property is not in violation thereof and any of the foregoing does not prevent the intended use of the Property for the purpose of **modular home manufacturing**; also subject to any existing tenancies, any unpaid installments of street or other improvement assessments payable after the date of the transfer of title to the property, and any state of facts which an inspection and/or accurate survey may show, provided that nothing in this paragraph renders the title to the Property unmarketable.

**11. DEED**

The Seller shall convey the Property to the Purchaser by Warranty Deed in proper form for recording, which deed shall include the covenant required by Subdivision "5" of Section 13 of the Lien Law. If the Seller conveys in any trust capacity, the usual deed given in such cases shall be accepted. The said deed shall be prepared, duly signed by the Seller, signature(s) acknowledged, all at the Seller's expense, so as to convey to the Purchaser the fee simple of said premises free and clear of all liens and encumbrances, except as herein stated. At Closing, Seller will pay any and all state, county and local transfer and recording fees pursuant to New York State Department of Taxation and Finance Combined Real Estate Transfer Tax Return (TP-584), plus any other transfer related tax or fee. All other costs and expenses attendant to settlement, including title company charges, shall be at the cost of the party that incurred same, at or prior to Closing.

**12. TAX AND OTHER ADJUSTMENTS**

The following, if any, shall be apportioned so that the Purchaser and Seller are assuming the expenses of the property and income from the property as of the date of transfer of title:

A. Rents and security deposits. Seller shall assign to Purchaser all written leases and security deposits affecting the premises.
B. Taxes, sewer, water, rents and condominium or association fees.
C. Municipal assessment yearly installments except as set forth in item 9.
D. Fuel, based upon fair market value at time of closing as confirmed by a certificate provided by Seller's supplier.

**13. RIGHT OF INSPECTION AND ACCESS**

Purchaser and/or a representative shall be given access to the Property for any tests or inspections. The PURCHASER agrees to hold Seller harmless against any and all liabilities that may arise from said tests and inspections. In the event the Purchaser does not purchase the Property, the Purchaser agrees to restore the Property to its original condition. ~~This Contract is contingent upon a written determination(s), at Purchaser's expense, by a licensed architect or licensed engineer or by an agreed third party that the Property is free from structural, mechanical, and/or environmental defects exceeding a combined value of ******************. This contingency shall be deemed waived unless Purchaser shall notify ************************************************ in writing by certified or registered mail, return receipt requested, postmarked no later than ************************** or by personal service by such date, of such defect(s), and furthermore supplied a written copy of the inspection report. If the Purchaser so notifies, then this Contract shall be deemed cancelled, null and void and all deposits made hereunder shall be returned to Purchaser or, at Purchaser's option, said cancellation may be deferred for a period of ten (10) days in order to provide the parties an opportunity to otherwise agree in writing.~~

**14. TRANSFER OF TITLE**

Transfer of title is to be completed at 12:00 noon on or about **see Item 7 - Closing Date** at the office of **purchaser's attorney**

**15. DEPOSITS**

It is agreed that any deposits by the Purchaser are to be deposited with the Listing Broker as part of the purchase price. If the Seller does not accept the Purchaser's offer, all deposits shall be returned to Purchaser. If the offer is accepted by the Seller, all deposits will be held in escrow by the listing Broker until the contingencies and terms have been met. The Purchaser will receive credit on the total amount of the deposit toward the purchase price. Broker shall apply the total deposit to the brokerage fee. Any excess of deposit over and above the fee earned will go to the Seller.

If the contingencies and terms contained herein cannot be resolved, or in the event of default by the Seller or the Purchaser, the deposits will be held by the Broker pending a resolution of the disposition of the deposits.

**16. REAL ESTATE BROKER**

The Purchaser and Seller agree that **Pyramid Brokerage Company** and **Continuum Commercial Realty** brought about the sale, and Seller agrees to pay the Brokers' commission to **both broker, including buyer broker's fee as outlined in Add. B** as agreed to per separate agreement.

Docusign Envelope ID: 6BCFC2F7-42FA-81BF-817E-FFAA0E05B284

**17. ADDENDA**

The following attached addenda are part of this Contract:

a. **DUE DILIGENCE & INSPECTION CONTINGENCY**
b. **Cooperating Broker Compensation Agreement**
c. **NYS Housing and Anti-Discrimination Disclosure**
d. ______
e. ______

**18. ATTORNEYS APPROVAL CLAUSE**

This Contract is contingent upon Purchaser and Seller obtaining approval of this Contract by their attorney as to all matters contained therein. This contingency shall be deemed waived unless Purchaser's or Seller's attorney on behalf of their client notifies **all parties/brokers via email or** in writing, as called for in paragraph 19, of their disapproval of the Contract no later than **5 bus days from seller acceptance**. If Purchaser's or Seller's attorney so notifies, then this Contract shall be deemed cancelled, null and void, and all deposits shall be returned to the Purchaser.

business

**19. NOTICES**

All notices contemplated by this Contract shall be in writing, delivered by certified or registered mail, return receipt requested, postmarked no later than the required date, or by personal service by such date.

**20. MISCELLANEOUS**

A. Originals. This Contract may be executed in counterparts, each of which will be an original, and a facsimile copy showing execution shall be given the same force and effect of an original.
B. Section and Other Headings. The section and other headings are for reference purposes only and will not in any way affect the meaning or interpretation of the text of this Contract.
C. Governing Law. This Contract will be construed and enforced in accordance with the laws of the State of New York without giving effect to any conflict of laws or choice of laws to the contrary.

**21. ENTIRE AGREEMENT**

This Contract contains all agreements of the parties hereto. There are no promises, agreements, terms, conditions, warranties, representations or statements other than contained herein. This Contract shall apply to and bind the heirs, legal representatives, successors and assigns of the respective parties. It may not be changed orally.

THIS IS A LEGALLY-BINDING CONTRACT. IF NOT FULLY UNDERSTOOD, WE RECOMMEND ALL PARTIES TO THE CONTRACT CONSULT AN ATTORNEY BEFORE SIGNING.

Dated: 10/22/2026

Signed by:

Purchaser

**Ascend Modular Home Systems, LLC, and/or assigns**

Purchaser

**ACCEPTANCE**

Dated: 10-23-26

Seller

**William Colucci, as Receiver of Record**

in his capacity for McCormick 103, LLC v Gregg Beecher et al

Seller

Docusign Envelope ID: 6BCFC2F7-42FA-81BF-817E-FFAA0E05B284

IN HIS CAPACITY

Date: ______________________

Property Address: 356 Hudson River Rd, Halfmoon, NY 12188
Seller(s): William Colucci, as Receiver of Record MCCORMICK 103, LLC V. GREG BEECHE et al.
Buyer(s): Ascend Modular Home Systems, LLC, and/or assigns

ADDENDUM A: DUE DILIGENCE & INSPECTION CONTINGENCY ADDENDUM

This Agreement is contingent upon Purchaser completing and approving, at Purchaser's expense, a comprehensive due diligence review of the Property.

1. Scope of Inspections: Purchaser shall have the right to engage licensed professionals, engineers, and environmental consultants to conduct the following inspections:

A: Phase I Environmental Site Assessment (ESA): To ascertain the environmental condition of the Property and historical site usage.

B: Structural Engineering Inspection: To verify the structural integrity, mechanical systems, electrical capacities, and roof conditions of the four on-site buildings.

C: Septic & Utility Inspection: To inspect and test the private septic system, leach field capacity, and any other on-site water/wastewater infrastructure.

2. Due Diligence Period: Purchaser shall have forty-five (45) days from the full execution of this Purchase and Sale Agreement (the "Due Diligence Period") to complete these inspections and reports.

3. Purchaser's Sole Discretion: The results of all inspections and reports must be acceptable to the Purchaser in the Purchaser's sole and absolute discretion.

4. Notice of Cancellation: If the Purchaser determines that the condition of the Property, structural integrity, or environmental status is unacceptable, Purchaser shall notify the Seller (or Seller's Broker/Attorney) in writing prior to the expiration of the Due Diligence Period. Upon such notification, this Contract shall be deemed cancelled, null, and void, and all earnest money deposits shall be immediately returned to the Purchaser. If Purchaser fails to provide written notice of cancellation prior to the expiration of the Due Diligence Period, this contingency shall be deemed waived.

Seller(s) Initials: [signature] / ______ Buyer(s) Initials: JK 10/22/2026 / ______

Docusign Envelope ID: 6BCFC2F7-42FA-81BF-817E-FFAA0E05B284

IN THE CAPACITY

**Continued**

Date: 10-27-2026

Property Address: **356 Hudson River Rd, Halfmoon, NY 12188**

Seller(s): **William Colucci, as Receiver of Record** - WC Pollock 103, LLC v. Greg Beecher et al

Buyer(s): **Ascend Modular Home Systems, LLC, and/or assigns**

**THIS PAGE LEFT INTENTIONALLY BLANK**

Seller(s) Initials: WC / 10-27 Buyer(s) Initials: JK 10/22/2026 /

Docusign Envelope ID: 6BCFC2F7-42FA-81BF-817E-FFAA0E05B284

# COMMERCIAL & INDUSTRIAL REAL ESTATE BROKERS, INC.

Addendum # B **COOPERATIVE BROKER COMPENSATION ADDENDUM**

THIS IS A LEGALLY-BINDING CONTRACT. IF NOT FULLY UNDERSTOOD,
WE RECOMMEND CONSULTING AN ATTORNEY BEFORE SIGNING.

## ADDENDUM TO CONTRACT FOR PURCHASE AND SALE OR LEASE OF REAL ESTATE BETWEEN

IN HIS CAPACITY

**Ascend Modular Home Systems, LLC, and/or assigns,** as Purchaser/Lessee

and

**William Colucci, as Receiver of Record,** for McCormick 103, LLC v. Greg Beeche et al as Seller/Lessor

Regarding property located at: **356 Hudson River Rd, Halfmoon, NY 12188**

1. Upon transfer of title and Purchaser's payment of the full purchase price or upon commencement of lease (the Cooperative Broker) **Continuum Commercial Realty** shall be paid the following amount: **2.000** % of the Purchase Price ~~or ___ % of the aggregate rental of the lease and all options as exercised, or $ ___~~.

2. This amount shall be paid to the Cooperative Broker (check OPTION A or OPTION B, and/or complete and check OPTION C with any additional alternative terms):

**OPTION A** ☐ As a cooperating broker's fee offered by the Listing Broker and paid in accordance with the Rules and Regulations of the Commercial and Industrial Real Estate Brokers, Inc. and following the Purchaser's payment of the full purchase price or upon commencement of lease, the Cooperative Broker shall look only to the Seller/Lessor and the Listing Broker for collection of this amount.

**OPTION B** ☒ Directly out of the purchase/deposit funds at the time of transfer of title and/or commencement of lease; and the amount paid shall be accounted as (a) paid by the Purchaser/Lessee as part of the purchase/lease price for the property and (b) paid by the Seller/Lessor as part of the commission due the Listing Broker under the listing agreement. Listing Broker owes no duty of payment to cooperative broker under this option.

**OPTION C** ☐ ___

3. The Cooperative Broker agrees to apply this amount against its commission under any agency agreement with Purchaser.

4. Payment of this amount is made solely as an economic adjustment for the convenience of financing this transaction without creating an agency relationship other than that which has been disclosed as provided by law.

| | |
|---|---|
| Signed by: [signature] 10/22/2026 | [signature] 10-23-2026 |
| Purchaser/Lessee Date | Seller/Lessor Date |
| **Ascend Modular Home Systems, LLC, and/or assigns** | IN HIS CAPACITY **William Colucci, as Receiver of Record** for McCormick 103, LLC v. Greg Beeche et al |
| Purchaser/Lessee Date | Seller/Lessor Date |
| DocuSigned by: Ryan Taylor **Continuum Commercial Realty** 10/22/2026 | **Pyramid Brokerage Company** |
| Cooperative Broker Date | Listing Broker Date |

## ADDENDUM TO STANDARD FORM CONTRACT FOR PURCHASE AND SALE OF REAL ESTATE

This Addendum ("**Addendum**") dated as of October 26, 2026 is made a part of that certain Standard Form Contract for Purchase and Sale of Real Estate ("**Agreement**") dated October 22, 2026, 2021, between **WILLIAM COLUCCI, in his capacity as receiver** ("**Seller**") and **ASCEND MODULAR HOME SYSTEMS, LLC,** or its assignee ("**Purchaser**") for the purchase of property known as 356 Hudson River Road in Saratoga County, New York.

**FOR GOOD AND VALUABLE CONSIDERATION**, the receipt and sufficiency of which are hereby acknowledged, Seller and Purchaser agree as follows:

1. Definitions and Effect of Addendum. All capitalized terms not specifically defined herein shall have the meanings ascribed to such terms in the Agreement. All terms of the Agreement remain in full force and effect unless expressly modified in this Addendum. In the event of any conflict between this Addendum and the Agreement or other documents attached to this Addendum, the terms of this Addendum shall prevail. The amendments to the Agreement are set forth below.

2. References to Seller and Purchaser. Seller in the Agreement shall be defined to be William Colucci, solely in his capacity as receiver pursuant to that certain Final Order Appointing Receiver dated August 14, 2016 in that certain action in the United States District Court for the Northern District of New York entitled *McCormick 103, LLC v. Greg Beeche, et.al.*, civil action number 1:25-cv-00944-AMN-TWD, and not in his personal capacity. The Purchaser in the Agreement shall be defined to be Red Sea Development, Inc. or its assignee. For the avoidance of doubt, the Purchaser shall have the right to assign the Agreement to an affiliate at any time prior to the closing.

3. Contingency under 28 U.S. Code § 2001 and Termination Rights. The Agreement cannot be enforced against the Seller and Seller shall not be required to close on the sale unless and until the Seller has been able to satisfy all the requirements under 28 U.S. Code § 2001 and other applicable law prior to the closing deadline set forth in the Agreement. In the event the Seller receives a competing offer after the Seller completes the required publication notice under 28 U.S. Code § 2001, the Purchaser may in its sole and absolute discretion terminate the Agreement and Seller shall return the full deposit to the Purchaser. In addition, the Purchaser shall have the right to terminate the Agreement prior to the expiration of its Due Diligence Period and upon such a timely termination the Deposit shall be repaid to the Purchaser in full. The Seller shall only have the right to terminate the Agreement if the Seller has not been able, despite diligent efforts, to obtain a non-appealable Court order approving the sale to the Purchaser on or before December 31, 2026.

4. No Warranty Deed. Subject to Section 8(B) of the Agreement, but notwithstanding any other term in the Agreement to the contrary, the Seller shall not be required to deliver a warranty deed at closing, but shall only be required to deliver a receiver's deed which, among other things, will contain the following language:

GRANTOR CONVEYS THE PROPERTY TO GRANTEE AND BY ACCEPTING THIS DEED, GRANTEE ACCEPTS THE PROPERTY **AS-IS, WHERE-IS,** AND

GRANTOR MAKES NO REPRESENTATIONS OR WARRANTIES WITH RESPECT TO THE PHYSICAL CONDITION OR ANY OTHER ASPECT OF THE PROPERTY, INCLUDING, WITHOUT LIMITATION, (I) THE STRUCTURAL INTEGRITY OF ANY IMPROVEMENTS ON THE PROPERTY, (II) THE MANNER, CONSTRUCTION, CONDITION, AND STATE OF REPAIR OR LACK OF REPAIR OF ANY OF SUCH IMPROVEMENTS, (III) THE CONFORMITY OF THE IMPROVEMENTS TO ANY PLANS OR SPECIFICATIONS FOR THE PROPERTY, INCLUDING BUT NOT LIMITED TO ANY PLANS AND SPECIFICATIONS THAT MAY HAVE BEEN OR WHICH MAY BE PROVIDED TO GRANTEE, (IV) THE CONFORMITY OF THE PROPERTY TO PAST, CURRENT OR FUTURE APPLICABLE ZONING OR BUILDING CODE REQUIREMENTS OR THE COMPLIANCE WITH ANY OTHER LAWS, RULES, ORDINANCES, OR REGULATIONS OF ANY GOVERNMENT OR OTHER BODY, (V) THE FINANCIAL EARNING CAPACITY OR HISTORY OR EXPENSE HISTORY OF THE OPERATION OF THE PROPERTY, (VI) THE NATURE AND EXTENT OF ANY RIGHT-OF-WAY, LEASE, POSSESSION, LIEN, ENCUMBRANCE, LICENSE, RESERVATION, CONDITION, OR OTHERWISE, (VII) THE EXISTENCE OF SOIL INSTABILITY, PAST SOIL REPAIRS, SOIL ADDITIONS OR CONDITIONS OF SOIL FILL, SUSCEPTIBILITY TO LANDSLIDES, SUFFICIENCY OF UNDERSHORING, SUFFICIENCY OF DRAINAGE, (VIII) WHETHER THE PROPERTY IS LOCATED WHOLLY OR PARTIALLY IN A FLOOD PLAIN OR A FLOOD HAZARD BOUNDARY OR SIMILAR AREA, (IX) THE EXISTENCE OR NON-EXISTENCE OF ASBESTOS, UNDERGROUND OR ABOVE GROUND STORAGE TANKS, HAZARDOUS WASTE OR OTHER TOXIC OR HAZARDOUS MATERIALS OF ANY KIND OR ANY OTHER ENVIRONMENTAL CONDITION OR WHETHER THE PROPERTY IS IN COMPLIANCE WITH APPLICABLE LAWS, RULES AND REGULATIONS, (X) THE PROPERTY'S INVESTMENT POTENTIAL OR RESALE AT ANY FUTURE DATE, AT A PROFIT OR OTHERWISE, (XI) ANY TAX CONSEQUENCES OF OWNERSHIP OF THE PROPERTY OR (XII) ANY OTHER MATTER WHATSOEVER AFFECTING THE STABILITY, INTEGRITY, OTHER CONDITION OR STATUS OF THE LAND OR ANY BUILDINGS OR IMPROVEMENTS SITUATED ON ALL OR PART OF THE PROPERTY (COLLECTIVELY, THE "PROPERTY CONDITIONS"), AND BY ACCEPTING THIS DEED, **GRANTEE HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY AND ALL ACTUAL OR POTENTIAL RIGHTS GRANTEE MIGHT HAVE REGARDING ANY FORM OF WARRANTY, EXPRESS OR IMPLIED OR ARISING BY OPERATION OF LAW, INCLUDING, BUT IN NO WAY LIMITED TO ANY WARRANTY OF CONDITION, HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE** RELATING TO THE PROPERTY, ITS IMPROVEMENTS OR THE PROPERTY CONDITIONS, SUCH WAIVER BEING ABSOLUTE, COMPLETE, TOTAL AND UNLIMITED IN ANY WAY.

5. Counterparts. This Amendment may be executed in two or more counterparts, each of which shall constitute an original and all of which together shall constitute one and the same agreement. A photocopied, scanned, telecopied or other electronic signature of any party to this Amendment shall have the same force and effect as an original signature for all purposes.

THE REMAINDER OF THIS PAGE
INTENTIONALLY BLANK

**[SIGNATURE PAGE TO ADDENDUM DATED AS OF OCTOBER 26, 2026]**

**SELLER:**

**WILLIAM COLUCCI**, solely in his capacity as receiver pursuant to that certain Final Order Appointing Receiver dated August 14, 2016 in that certain action in the United States District Court for the Northern District of New York entitled *McCormick 103, LLC v. Greg Beeche, et.al.*, civil action number 1:25-cv-00944-AMN-TWD, and not in his personal capacity

By: ______________________

Name: William C Colucci

Title: As Receiver

**PURCHASER:**

**ASCEND MODULAR HOME SYSTEMS, LLC,**

By: ______________________

Name: Jeffrey Knox

Title: Member